FOTH, by guardian *ad litem,* Respondent, vs. MACOMBER & WHYTE ROPE COMPANY, Appellant.

*September 16—December 7, 1915.*

*Workmen's compensation: Statute construed: What minors are "employees."*

In sub. (2), sec. 2394—7, Stats., the words "minors who are legally permitted to work under the laws of this state," used in defining the term "employee" in the Workmen's Compensation Act, are not to be restricted so as to apply only to minors permitted to be employed in the precise work in which the accidental injury in question was sustained, but are to be given a broad, comprehensive meaning, so as to include all minors who are permitted, under the laws of the state, to work at any gainful occupation under any circumstances.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

Action to recover for a personal injury to *Clarence Foth,* a minor.

While in the employ of the defendant and doing work which he was prohibited by statute from being employed to perform plaintiff, *Clarence Foth,* was severely injured, the flesh and skin being considerably torn from his left arm, causing him much pain, wholly incapacitating him from doing manual labor for a considerable length of time and permanently weakening and diminishing the usefulness of the member.

An ordinary action was commenced because plaintiff claimed that, since the injury occurred while he was doing work he was prohibited from being employed to perform, the case was not to be dealt with under the Workmen's Compensation Law. The claim of defendant was that the boy was not employed to do the particular work, but did it of his own accord; that he was guilty of contributory negligence, and that, in any event, the case is within the Workmen's Com-

pensation Law, because the boy was legally permitted to work for hire under the laws of this state, though not to be employed in some particular kinds of work, including that which he was engaged in when injured.

The jury found the facts in favor of plaintiff and fixed the damages at $1,500. The court sustained the plaintiff's claim as regards whether the case is within the scope of the Workmen's Compensation Law. Judgment was rendered accordingly.

For the appellant there was a brief by *Brown, Pradt & Genrich,* attorneys, and *Cavanagh, Barnes & Cavanagh,* of counsel, and oral argument by *R. P. Cavanagh* and *C. D. Barnes.*

For the respondent the cause was submitted on a brief signed by *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel.

The following opinion was filed October 5, 1915:

MARSHALL, J. The verdict of the jury is fairly sustained by the evidence. That is all which need be said on that branch of the case. If it were not for the question of jurisdiction, there might well be an affirmance without an opinion.

The question of jurisdiction turns on the meaning of the words, "minors who are legally permitted to work under the laws of the state," in sub. (2), sec. 2394—7, Stats., defining, in part, the meaning of the word "employee" in the Workmen's Compensation Law, so as to render plain the scope of the legislative purpose as to the class of persons it was intended to include. Such sub. (2) is as follows:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, *and also including minors who are legally permitted to work under the laws of the state* (who, for the purposes of section 2394—8, shall be considered the same and have the power of contracting as adult employees)." . . .

Should the particularly quoted words have a very restrictive construction so as to mean, as applied to such an event as the one in question, minors permitted to be employed to do the precise work, or should they have a quite broad, comprehensive meaning, so as to include minors permitted, under the laws of the state, to be employed to do any kind of work? The trial court favored the former.

When the Workmen's Compensation Law was enacted, children of quite tender age were not permitted to work at any gainful occupation; above that age they were divided into several classes. Some were permitted to be employed to work under specified conditions and in specified occupations, and some were expressly prohibited from being employed to do work deemed to be extrahazardous. It was easy for the legislature to perceive that, if in every one of the many situations where the law permits a minor to be employed, subject to particular conditions, whether the particular case is within or without the scope of the Workmen's Compensation Act must turn on its satisfying such conditions, in many instances the benefits of the beneficent plan for dealing with personal injury accidents of industrial life, will not be available. That is important in determining what was intended by the words under consideration. If it was to deal with such incidents with the idea that all accidental personal injury losses of employees received in the course of their service, whether characterized by negligence or not, are, like wages and other elements, a part of the cost of production, and to make such losses compensable as economically, promptly, and certainly as practicable, then we must look at the legislative language from that viewpoint. There is no safer rule for a judicial construction of ambiguous legislative language than that it should be read in the light of the particular situation dealt with, the infirmities to be cured, and the objects sought to be attained.

The time has gone by for extensive, original discussion of the legislative thought in passing the Workmen's Compensation Law, since its broad beneficent purpose is plain and the court has heretofore several times recognized it and construed the act so as to fully effectuate such purpose, so far as practicable. To that extent there can be no doubt the legislature intended to go, and its language should unhesitatingly be so read as to accomplish it. This court substantially thus emphasized that in *Milwaukee v. Miller*, 154 Wis. 652, 144 N. W. 188, speaking of the class of laws of which the Workmen's Compensation Act is a significant type and applying the language thereto: In construing a statute which is referable to the police power and was originated to promote the common welfare supposed to be seriously jeopardized by the infirmities of an existing system, "the conditions giving rise to the law, the faults to be remedied, the aspirations evidently intended to be efficiently embodied in the enactment, and the effects and consequences as regards responding to the prevailing conceptions of the necessities of public welfare," should be considered and the enactment given such broad and liberal meaning as can fairly be read therefrom so far as required to effectively eradicate the mischiefs it was intended to obviate.

This further reason exists why the particular words should have a broad, liberal construction: The legislature exercised particular care to make its purpose unmistakable, going to the extent of specially defining the meaning of significant words, including the word "employee." Had the purpose been to make such word as restrictive as the trial court supposed, it was so easy to have said, "permitted to work under the laws of the state," subject to prescribed conditions and restrictions, the fact that no such restrictive words were used is well nigh conclusive evidence of a purpose to use the words in the sense of, permitted to work under the laws of the state at any gainful occupation under any circumstances.

. We reach the conclusion that the legislative purpose was as above indicated, and the words "(who, for the purposes of section 2394—8, shall be considered the same and shall have the power of contracting as adult employees)" were added to render clear that, without prejudice to liability under the penal statutes, any minor who is legally permitted to work at all in a gainful occupation is to be regarded as being competent to contract, as regards subjecting himself to the provisions of the Workmen's Compensation Law, as fully as an adult person.

It follows that the trial court erred in not dismissing the case for want of jurisdiction. Therefore, the judgment must be reversed and the cause remanded for dismissal with costs in favor of defendant.

*By the Court.*—So ordered.


Upon a motion by the respondent for a rehearing, his counsel contended, *inter alia,* that an injury to a minor employed in violation of law is not "caused by accident," but is the result of the wrongful act or misconduct of the plaintiff, and is therefore not covered by the Compensation Law.

Briefs in support of the motion were also filed by *F. W. Houghton* as a friend of the court, and by the *Attorney General* as *amicus curiæ.* The *Attorney General* argued, among other things, that all minors "are legally permitted to work under the laws of the state" in some occupations, to wit, agricultural pursuits. If, therefore, eligibility to any legal employment is made the criterion of the employee's status, as within or without the Compensation Act, regardless of whether that eligibility be for employment in the work or occupation in which he is engaged at the time of his injury, *then every minor employed is within the act.* But, if that construction obtains, it can only be by wholly disregarding the qualification in the legislative mind when it wrote into the statute the words "who are legally permitted to work

under the laws of the state." By the clause "minors who are legally permitted to work under the laws of the state," the legislature could not have meant minors who are legally permitted to work under the laws of the state at any occupation whatever and at any time, under any circumstances, because that would include all minors. The use of the phrase "under the laws of the state" is significant. Following the words "who are legally permitted to work," it might seem tautology to add "under the laws of the state." The office of this clause, it seems to me, is to constitute a reference by which the conditions and restrictions of the laws of the state relating to the employment of minors are intended to be incorporated in this act.

In opposition there were briefs by appellant's counsel.

The motion was denied, without costs, on December 7, 1915.