WIESEDEPPE, Appellant, vs. ZWEIFEL and another, Respond-
ents.

*December 8, 1916—January 16, 1917.*

*Workmen's compensation: When employee becomes subject to act.*

Where, by virtue of sub. 2, sec. 2394—5, Stats. (ch. 599, Laws 1913),
   an employer became subject to the Compensation Act on Sep-
   tember 1, 1913, an employee whose contract of hire was made
   prior to that date did not, under sub. (2), sec. 2394—8, without
   having given notice of his election, come under the provisions of
   the act until he had remained in the service of such employer
   for thirty days after said September 1st.

APPEAL from a judgment of the circuit court for Dane
county: E. RAY STEVENS, Circuit Judge.  *Affirmed.*

This is an appeal from a judgment of the circuit court af-
firming the order of the *Industrial Commission* dismissing
the application of the plaintiff for an award of compensation.

The question to be determined, as stated by the appellant,
is whether the amendment to the Compensation Act in 1913
(ch. 599, Laws 1913) brings the plaintiff within the pro-
visions of the Workmen's Compensation Act as it existed on
September 26, 1913, the date of the injury complained of.

For some time prior to September 1, 1913, the defendant *Nic Zweifel* employed in carrying on his business seven men, among whom was the appellant. Up to September 1st said employer had not been under the Compensation Act and did not come under it by any positive act of his own, but by force of sub. 2, sec. 2394—5, Stats. 1913, which section provides, in substance, that on September 1, 1913, every employer of four or more employees in a common employment would be deemed to have elected to accept the provisions of the Compensation Act unless he gave notice before that date that he would not come under it. In the instant case the employer never gave such notice.

Plaintiff was employed by defendant a few months prior to September 1, 1913, and so continued until date of the injury. Plaintiff did nothing of a positive nature indicating that he was or was not under the act, but simply continued to work after September 1, 1913. On September 26th, in the course of his employment, he was severely injured.

The *Industrial Commission* and the circuit court held that he was not under the law as amended. Whether he was or not is the only question involved upon this appeal.

The cause was submitted for the appellant on the brief of *Otjen & Otjen* of Milwaukee, and for the respondent *Industrial Commission* on that of the *Attorney General* and *Winfield W. Gilman,* assistant attorney general.

KERWIN, J. The statutes relating to employers and employees under the Workmen's Compensation Act, among other things, provide:

"Section 2394—4. The following shall constitute employers subject to the provisions of sections 2394—3 to 2394—31, inclusive, within the meaning of section 2394—3:

"(1) . . .

"(2) Every person . . . who has any person in service under any contract of hire, . . . and who, at or prior to the

time of the accident to the employee for which compensation . . . may be claimed, shall . . . have elected to become subject to the provisions of sections 2394—3 to 2394—31, inclusive, and who shall not, prior to such accident, have effected a withdrawal of such election, in the manner provided in subsection 1 of section 2394—5.

"Section 2394—5.   1. Such election on the part of the employer shall be made by filing with the industrial commission, a written statement to the effect that he accepts the provisions of sections 2394—3 to 2394—31, inclusive, the filing of which statement shall operate, within the meaning of section 2394—4, to subject such employer to the provisions of sections 2394—3 to 2394—31, inclusive, for the term of one year from the date of filing such statement, and thereafter, without further act on his part, for successive terms of one year each, unless such employer shall, at least sixty days prior to the expiration of such first or any succeeding year, file in the office of said commission a notice in writing to the effect that he desires to withdraw his election to be subject to the provisions of sections 2394—3 to 2394—31, inclusive.

"2. On and after September 1, 1913, every employer of four or more employees in a common employment shall be deemed to have elected to accept the provisions of sections 2394—3 to 2394—31, inclusive, unless prior to that date such employer shall have filed with the industrial commission a notice in writing to the effect that he elects not to accept the provisions hereof.   Provided, that any employer commencing business subsequent to September 1, 1913, may make his election not to become subject to sections 2394—3 to 2394—31, inclusive, at any time prior to becoming an employer of four or more employees in a common employment. Such employer may withdraw from the provisions of sections 2394—3 to 2394—31, inclusive, at the expiration of one year or at the expiration of any succeeding year in the manner provided in subsection 1 of section 2394—5."

"Section 2394—7. The term 'employee' as used in sections 2394—1 to 2394—31, inclusive, shall be construed to mean:

"(1) . . .

"(2) Every person in the service of another under any contract of hire, . . . but not including any person whose

employment is but casual or is not in the usual course of the trade, business, profession, or occupation of his employer.

"Section 2394—8. . . . Any employee as defined in subdivision (2) of section 2394—7 shall be deemed to have accepted and shall, within the meaning of section 2394—3, be subject to the provisions of sections 2394—3 to 2394—31, inclusive, if, at the time of the accident upon which liability is claimed:

"(1) The employer charged with such liability is subject to the provisions of sections 2394—3 to 2394—31, inclusive, whether the employee has actual notice thereof or not; and

"(2) Such employee shall not, at the time of entering into his contract of hire, express or implied, with such employer, have given to his employer notice in writing that he elects not to be subject to the provisions of sections 2394—3 to 2394—31, inclusive; or, in the event that such contract of hire was made in advance of such employer becoming subject to the provisions of sections 2394—3 to 2394—31, inclusive, such employee shall have given to his employer notice in writing that he elects to be subject to such provisions, or without giving either of such notices, shall have remained in the service of such employer for thirty days after the employer has filed with said commission an election to be subject to the terms of sections 2394—3 to 2394—31, inclusive, or when such employer has become subject to sections 2394—3 to 2394—31, inclusive, pursuant to subsection 2 of section 2394—5. . . ."

A careful examination of the law convinces us that plaintiff was not at the time of injury under the act. It is plain from the history of legislation on the subject under consideration that the policy of the legislature was not to make the law compulsory on employer or employee. But it is argued by counsel for appellant that the amendment of 1913 makes it clear that the plaintiff was under the act at the time of the injury. This contention is based mainly upon the last part of sub. (2), sec. 2394—8, Stats. 1913, which was added by the 1913 amendment and reads as follows: "or when such employer has become subject to sections 2394—3 to 2394—31, inclusive, pursuant to subsection 2 of section 2394—5."

The argument is that the amendment of 1913 brings the employee under the act regardless of the thirty days' limitation; that immediately upon the employer becoming subject to the act pursuant to sub. 2 of sec. 2394—5, the employee also becomes subject to the act.

We cannot think the legislature intended any such construction as that placed upon the law by counsel for the appellant. On the contrary, we are of opinion that the employee plaintiff was not under the act until the expiration of thirty days after the employer had filed with said commission an election to be subject to the terms of secs. 2394—3 to 2394—31, inclusive, or, in the event that the employer comes under the act pursuant to sub. 2, sec. 2394—5, then within thirty days from the time the employer became subject to the act under said sub. 2, sec. 2394—5.

In other words, we think the true construction of the last part of sub. (2), sec. 2394—8, is that the employee becomes subject to the act when he remains in the service of the employer for thirty days, without giving notice, after the employer has become subject to the provisions of the act either by filing an election to become so subject or pursuant to sub. 2, sec. 2394—5. We are therefore of opinion that the construction placed upon the law by the court below is right.

*By the Court.*—The judgment is affirmed.

