Lutz, by guardian *ad litem,* Respondent, vs. Wilmanns Brothers Company, Appellant.

*October 23—November 13, 1917.*

*Workmen's compensation: "Employees:" When subject to the act: Minors: Prohibited employment.*

1. Under sub. (2), sec. 2394—8, Stats., an injured employee was under the Compensation Act if at the time of his employment the employer was subject to the act and the employee gave no notice of election not to come under it, even though at the time of injury he had been less than thirty days in the service. *Wiesedeppe v. Zweifel,* 165 Wis. 84, distinguished.

2. A boy fifteen years old working under a child-labor permit was an "employee" within the meaning of sub. (2), sec. 2394—7, Stats., being a minor who was "legally permitted to work under the laws of the state." *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, distinguished.

3. The amendment to sec. 1728a, Stats., by ch. 466, Laws 1913 (providing that "no employer shall employ, require, permit or suffer"

any minor to work at any employment dangerous to the life, health, safety, or welfare of such minor, etc.), does not narrow the definition of the word "employee," as contained in sub. (2), sec. 2394—7, Stats.

4. The fact that an injury was sustained in an employment prohibited by said sec. 1728a and made an offense by sec. 1728h, does not take the case out of the operation of the Compensation Act or authorize an ordinary action for damages.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. ' *Reversed.*

This action was commenced in the circuit court for Milwaukee county June 18, 1914, by the respondent, a minor fifteen years of age, by his guardian *ad litem,* to recover damages from the appellant for injuries sustained October 24, 1913, while in the employ of the appellant under a child-labor permit.

The complaint alleges that the minor was hired under a permit to do work which he was authorized to do, but that he was, by the appellant, wrongfully put to work in operating and running an elevator, which employment was prohibited by law.

The case was tried to the court and a jury. Motions for nonsuit and directed verdict were denied and the following special verdict returned:

"(1) Was the plaintiff, *William Lutz,* directed by the foreman, Wegehaupt, to use the elevator? *A.* Yes.

"(2) Did the defendant permit or suffer the plaintiff, *William Lutz,* to run said elevator? *A.* Yes.

"(3) What sum will reasonably compensate the plaintiff for the injuries he received? *A.* Four thousand dollars ($4,000)."

Judgment in favor of the plaintiff was rendered on the verdict, from which this appeal was taken.

For the appellant there were briefs by *Austin, Fehr & Gehrz* of Milwaukee, and oral argument by *G. G. Gehrz.*

For the respondent there was a brief by *Houghton, Neelen. & Houghton* of Milwaukee, and oral argument by *F. M.. Houghton.*

KERWIN, J.   It is strenuously argued by counsel for appellant that there is not sufficient evidence to show that plaintiff was put to work at prohibited employment within the meaning of the prohibitory statute.   We shall assume for the purposes of the case that the evidence was sufficient.

Respondent denies that at the time of injury the plaintiff was working under a child-labor permit, and further insists. that the plaintiff was not under the Compensation Act.

We are convinced upon careful examination of the evidence that a child-labor permit was issued to plaintiff, which was in force at the time of the injury.

The respondent contends that the plaintiff, not having been in the employ of defendant for thirty days before the, injury, was not under the Compensation Act, and relies upon sec. 2394—8, Stats.   The defendant was at the time of employment of plaintiff under the Compensation Act, hence the thirty-day provision in sub. (2) of sec. 2394—8 does not apply to the plaintiff here.   Counsel seem to rely upon *Wiesedeppe v. Zweifel,* 165 Wis. 84, 160 N. W. 1038, and quote from the opinion.   It will be seen upon an examination of the statement of facts in that case that the employer at the time of the employment was not under the act, hence the thirty-day provision applied.   In the instant case the respondent at the time of the employment was under the Compensation Act. *Green v. Appleton W. Mills,* 162 Wis. 145, 155 N. W. 958.

The appellant on September 1, 1913, under sub. 2 of sec. 2394—5, Stats., became subject to the provisions of the Workmen's Compensation Act.   The respondent's contract of employment with the appellant was entered into and work commenced under it October 18, 1913, his labor permit is-

sued by the industrial commission having been received by the appellant on that day.    Plaintiff was injured October 24, 1913.    He never gave to defendant or filed with the industrial commission any notice electing not to be subject to the provisions of the Compensation Act.    Clearly under the established facts in this case the respondent was an employee within the meaning of sub. (2), sec. 2394—7, Stats., which reads:

"Every person in the service of another under any contract of hire, express or implied, oral or written, including aliens, and also including minors who are legally permitted to work under the laws of the state (who, for the purposes of section 2394—8, shall be considered the same and shall have the power of contracting as adult employees), . . ."

The instant case is ruled by *Foth v. Macomber & Whyte R. Co.* 161 Wis. 549, 154 N. W. 369.    The respondent in the instant case was a minor who was "legally permitted to work under the laws of the state" within the reasoning of the *Foth Case.*

Counsel for respondent rely upon *Stetz v. F. Mayer B. & S. Co.* 163 Wis. 151, 156 N. W. 971, but it will be seen that in that case the minor had no permit, therefore, in view of his age, was not legally permitted to work under the laws of the state.    In the *Stetz Case* this court said:

"It seems plain that the statute includes only such minors who at the time of contracting are legally authorized to enter the employer's service.    The legislative intent evidently is to enable any minor who has the legal right to work to make a contract for his employment the same as adults, and if he has the legal authority to exercise this right then he 'shall be considered the same . . . as adult employees' for the purposes of sec. 2394—8 of the Workmen's Compensation Law.    The provisions of this statute can only apply to minors who are at the time of contracting to enter the service of another authorized and permitted under the law to engage in such service and employment the same as adults."

The *Stetz Case* is in no way out of harmony with the *Foth Case.*

Stress is placed by counsel for respondent upon the amendment, ch. 466, Laws 1913, made after the injury in the *Foth Case,* which added to the statute regarding prohibited employments the words "require, permit or suffer." But these added words in no manner qualified the construction put upon the term "employee" as defined in the *Foth Case.* It is clear that the legislature did not intend by the amendment to narrow the definition of the word "employee" as contained in sub. (2), sec. 2394—7, Stats., or modify the interpretation put upon this section by the court in the *Foth Case.* Moreover it is plain that the decision in the *Foth Case* would have been the same had the statute at the time the *Foth Case* was decided been the same as it stood after the amendment.

Counsel further argue that in all cases where the employment is prohibited under the statute and made an offense as provided in sec. 1728*h,* Stats., the cause of action for injuries is not within the Compensation Act. This argument is squarely met by the decision in the *Foth Case.*

Legislation upon the subject also seems to indicate that it was not the purpose of the legislature to exclude minors legally permitted to work under the laws of the state, but who were put at prohibited work, from the benefits of the Compensation Act. Sub. (5) (h), sec. 2394—9, provides that where injury is caused by failure of the employer to comply with any statute of the state, compensation shall be increased fifteen per cent.

And it may also be observed in passing that the last legislature, by sub. (6) (a), (b), sec. 2394—9, Stats. (ch. 624, Laws 1917), provided that in cases where a minor was employed without a written permit and in cases where the minor was employed to work at prohibited employment the recovery should be treble the amount otherwise recoverable.

Some other questions are discussed by counsel for respondent, but in the view we take of the case it is not necessary to treat them. We are convinced that for the reasons stated the judgment must be reversed.

*By the Court.*—Judgment of the court below is reversed, and the cause remanded with instructions to dismiss the complaint.