## John Taglinette *vs.* The Sydney Worsted Company.

### MARCH 7, 1919.

Present:  Sweetland, Vincent, Baker, and Stearns, JJ.

(1)  *Workmen's Compensation Act.  Minors.*

Pub. Laws, cap. 831 (The Workmen's Compensation Act), Art. I, § 6, provides "A minor working at an age legally permitted, under the laws of this State shall be deemed *sui juris* for the purpose of this act."

Pub. Laws, cap. 1378, § 1, clause 1, amending Gen. Laws, cap. 78, § 1, provides that no child under fourteen years of age shall be employed or permitted or suffered to work in any factory or manufacturing or business establishment within this State and by clause 2 that no child under the age of sixteen years shall be so employed unless his employer shall have in his possession an age and employment certificate given by or under the direction of the school committee.

*Held*, that the employment of a child of fourteen years without the above certificate was expressly prohibited and therefore unlawful.

(2)  *Workmen's Compensation Act.  Minors.  Employment Certificate.*

The entire responsibility of obtaining the information required to be set out in an age and employment certificate and of issuing a proper certificate under Pub. Laws, cap. 1378, is placed in the first instance on the school committee of the child's place of residence, although a factory inspector may investigate the accuracy of the statements contained in such certificate and order its cancellation if he finds it should not have been issued.  Therefore an employer who has received from the proper authority a certificate substantially in form required by law in all its essential features is not required to investigate the accuracy of the statements of the certificate, but is entitled to rely upon it as rendering the employment by him of the child therein named as being legally permitted and said child is *sui juris* as an employee under the Workmen's Compensation Act, Pub. Laws, cap. 831, Art. I, § 6.

(3)  *Workmen's Compensation Act.  Minors.  Employment Certificate.*

An inaccuracy of statement in an employment certificate given to an employer under Pub. Laws, cap. 1378, in that the mother signed the certificate and stated that she had control of the child, the child's father at the time living with and having control of him, does not in itself invalidate the certificate so as to render the employment of the child unlawful, as regards the provisions of the Workmen's Compensation Act.

(4)  *Pleading.  Minors.  Workmen's Compensation Act.  Employment Certificate.*

To a declaration in an action to recover for the death of a minor from injuries received while employed in the factory of defendant, defendant filed a plea in abatement alleging that at the time of the accident both defendant as employer and deceased as employee were subject to the provisions of the

Workmen's Compensation Act and therefore a common law action could not be maintained.

Plaintiff by replication alleged that deceased while over fourteen years of age was under sixteen years of age and was employed in a manufacturing establishment and that defendant *at the time deceased entered its employ,* did not have in its possession an age and employment certificate under the provisions of Gen. Laws, 1909, cap. 78, § 1, as amended.  On demurrer:—

*Held,* that the pleadings of plaintiff were defective in not alleging that *at the time of the accident,* defendant did not have the certificate, but such defect was amendable.

Trespass on the Case for negligence.  Heard on exception of plaintiff and overruled.

Baker, J.  This is an action at common law to recover damages for the death of Vito Taglinette, a minor, resulting from injuries received while employed by the defendant at its factory in Woonsocket.  The plaintiff is the father of the deceased.

The declaration is in the usual form for common law actions based on negligence.  To the declaration the defendant filed a plea in abatement, which alleges in substance that at the time of the accident both the defendant as employer and the deceased as its employee were subject to the provisions of the Workmen's Compensation Act, and therefore a common law action could not be maintained.

The plaintiff in his replication sought to take the case out of the provisions of the Workmen's Compensation Act by alleging that under Section 6, Article I thereof, a minor, in order to become subject to its provisions, must be of an age at which he can legally be permitted to work under the laws of Rhode Island; that at the time of the injury the deceased was over fourteen years of age, but not sixteen, and was employed in a manufacturing establishment; that the defendant at the time the deceased entered its employ did not have in its possession an age and employment certificate prescribed by Section 1 of Chapter 78 of the General Laws of 1909, as amended by Section 1, Chapter 1378, because the age and employment certificate in the possession of the defendant stated that the mother had control of the de-

ceased and was signed by her, whereas it should have been signed by the plaintiff and should have stated that the father had control of the deceased. A copy of the certificate in question is set forth in the replication.

The defendant demurred to the replication upon the following grounds:

"1. It appears in the declaration and in the replication that said Vito Taglinette at the time of the said alleged accident mentioned in the declaration, was working at an age legally permitted under the laws of this State.

2. It appears in the replication that at the time said Vito Taglinette entered the employment of said defendant, the latter had in its possession an age and employment certificate of said Vito Taglinette given by or under the direction of the School Committee of the City of Woonsocket, where said Vito Taglinette resided, which said certificate conformed to the provisions of said Section 1 of Chapter 1378 of the Public Laws of Rhode Island of 1916.

3. It appears in the replication that at the time when said Vito Taglinette entered the employment of said defendant the latter had in its possession an age and employment certificate of said Vito Taglinette as required by law.

4. It does not appear in and by the declaration or replication that at the time of the said alleged accident to said Vito Taglinette mentioned in the declaration the defendant did not have in its possession the age and employment certificate of said Vito Taglinette required by law.

5. It is immaterial in so far as the defendant is concerned that said age and employment certificate referred to in said replication stated falsely that the person having control of said Vito Taglinette was his mother, rather than his father, inasmuch as it appears that said certificate was in proper form and given by or under the direction of the School Committee of said City of Woonsocket.

6. It is immaterial in so far as the defendant is concerned that said age and employment certificate referred to in said replication was signed by the mother of said Vito Taglinette

instead of by his father, inasmuch as said certificate was in proper form and given by or under the direction of the School Committee of said City of Woonsocket."

The Superior Court rendered a decision sustaining said demurrer to which decision the plaintiff excepted. The case is now here on said exception.

The question in controversy really is whether or not the plaintiff's deceased minor child was at the time of his death an employee of the defendant subject to the provisions of Chapter 831 of the Public Laws, designated as the Workmen's Compensation Act. If he was such an employee, then the present action is not maintainable, as "the right to compensation for an injury, and the remedy therefor granted by" said act, are "in lieu of all rights and remedies as to such injury . . . either at common law or otherwise" which existed at the time of the passage and approval of said Chapter 831. The question arises primarily from the fact that said deceased was a minor. One of the provisions of Section 6 of Article I of said chapter is as follows: "A minor working at an age legally permitted under the laws of this state shall be deemed *sui juris* for the purpose of this act." The act, however, is itself silent as to when a minor is legally permitted to work. The conditions determinative of this fact are set forth in Section 1 of Chapter 1378 of the Public Laws, which is in amendment of and in addition to Section 1 of Chapter 78 of the General Laws, entitled "Of Factory Inspection."

Clause 1 of Section 1 of Chapter 1378 declares that "no child under fourteen years of age shall be employed or permitted or suffered to work in any factory, or manufacturing or business establishment within this state." And Clause 2 of the same section declares that "no child under sixteen years of age shall be employed or permitted or suffered to work in any factory or manufacturing or business establishment unless said person, firm, or corporation employing him or her shall have in his, their or its possession an age and employment certificate, given by or under the direction

of the school committee of the city or town in which said child resides." One of the statements which said certificate must contain is "that said child has completed fourteen years of age." From this it is plain that no child under fourteen is legally permitted to work in the business establishments enumerated, that a child under sixteen years of age who has completed fourteen years *may* work in such business establishments, but only when his employer has in his possession the age and employment certificate referred to. In the present case the facts admitted by the pleadings show the deceased was a few months more than fourteen years of age when he was employed by the defendant company to work in its factory.

The first ground of demurrer is that the admitted facts show that the deceased minor at the time of his death "was working at an age legally permitted under the laws of this state," and the defendant urges that as a necessary consequence the deceased was *sui juris* for the purposes of the Workmen's Compensation Act. To state it otherwise, in effect the claim is that inasmuch as the deceased was fourteen years of age, and inasmuch as a child of that age *may* legally be permitted to work in a factory, the deceased simply because of his age was legally an "employee" under the Workmen's Compensation Act, as that term is defined in Section 1 (b) of Article V of the act.

Most, if not all, of the states, which have a provision in their compensation acts relative to the employment of minors employ this language—"minors who are legally permitted to work under the laws of the state." It has been held that this language "was intended to exclude from the statute" (Workmen's Compensation Act) "minors whose employment is prohibited by law." *Pette v. Noyes,* 133 Minn. 109, 112;—*Westerlund v. Kettle River Co.,* 15 N. C. C. 720, 724, 162 N. W. 680 (Minn.). The language of our act, "A minor working at an age legally permitted under the laws of this state shall be deemed *sui juris*" is apparently employed in no similar act except in

Ohio, where the Supplemental Act (effective January 1, 1914) in amendment of the Workmen's Compensation Act employs the identical language of our act.   See Honnold on Workmen's Compensation, Vol. 2, 1487, Sec. 46.   In *Acklin Stamping Co.* v. *Kutz,* 120 N. E. 229, 231 (Ohio Supreme Court, 1918), it is held that if illegally employed a minor "would not be an employee within the meaning of that term" in the Compensation Act.   Inasmuch as the Compensation Act is silent as to the age when a minor is permitted to work it is obviously necessary that this provision must be construed in connection with Section 1 of Chapter 1378.   Doing this, we are of the opinion that the first ground of defendant's demurrer is not well founded.   As already appears Clause 2 of Section 1 of Chapter 1378 provides that "no child under sixteen years of age shall be employed or permitted or suffered to work in any factory" unless the employee has in his possession an age and employment certificate.   Hence the employment of a child of fourteen without such certificate is expressly prohibited and, therefore, unlawful.   If the statute without qualification named fourteen years as the age at which minors are legally permitted to work, then the construction claimed would unquestionably be correct.   But since the statute prohibits employment below the age of sixteen unless the employer has a certificate in his possession then in our opinion, it must be held that a minor working in a factory at the age of fourteen, when there is no certificate in his employer's possession, is not working at an age legally permitted under the laws of this State. To state it otherwise the word "age" in the citation from Section 6 of Article I of the Workmen's Compensation Act is to be construed in the light of the condition expressed in Section 1 of Chapter 1378 affecting and determining the legality of the employment of a minor fourteen years old. The Factory Inspection Act, in so far as it affects child labor, and the Workmen's Compensation Act are both examples of modern social legislation along different lines. The one seeks to give the child a larger opportunity for future

usefulness by requiring him to get some measure of education before engaging in certain kinds of work and by protecting him in his years of immature mental and physical development from hazardous and hurtful employments.  The other provides compensation and new remedies for those injured in industrial employments which involve less delay and expense and render more certain the certainty of recovery of compensation, when most needed, than existed under the older forms of remedy.  Each has a beneficent design, and each is to be interpreted with a liberality calculated to effectuate its purpose.  The argument, however, in favor of extending the Compensation Act by recognizing as legal the inclusion among employees those minors whose employment the Factory Act forbids does not commend itself.  It may be noted that Chapter 1378 of the Public Laws was enacted four years after the passage of Chapter 831, and is, therefore, in so far as their provisions conflict, if such be the case, controlling.

(2)   The second and third grounds of demurrer state in different ways that the employment in its factory of the deceased by the defendant was legal because it had in its possession an age and employment certificate given by or under the direction of the proper school committee.  It is admitted by the plaintiff that the defendant had a certificate thus given, but he claims that it was not the certificate required by Section 1 of Chapter 1378; that it was, therefore, null and void and that in consequence the deceased was not legally employed.

Without now discussing the effect of inaccuracies of statements of fact in such a certificate, it is proper first to consider the significance and effect of an employer's having in its possession an age and employment certificate given by or under the direction of the proper school committee. This renders necessary a more careful consideration of Section 1 of Chapter 1378.

We have already seen that Clause 2 of said section prohibits the employment of a child under sixteen years unless

the employer has in "its possession an age and employment certificate, given by or under the direction of the school committee of the city or town where the child resides." It appears by the same clause that "the official authorized to issue the age and employment certificate" determines from the evidence submitted to him whether "the child applying for such certificate is fourteen years of age" and whether the child has the educational qualifications required by the statute and if his findings on these points are favorable he then sends such child to a licensed physician for a physical examination, who is required if the result of his examination justifies it to "certify in writing that such child is in sufficiently sound health and physically able to be employed in any of the occupations or processes in which a child between fourteen and sixteen years of age may be legally employed.". This physician's certificate is apparently to be sent to the official authorized to issue the age and employment certificate inasmuch as such official in his certificate is required to state that the examining physician has certified to the physical fitness of the child, and inasmuch as Clause 10 of said Section 1 requires said official to "keep on file a copy of each certificate granted, *together with the evidence on which such certificate was granted.*"

Clause 3 provides that the age and employment certificate may be applied for and completed at any time, and that it "shall be kept on file and not delivered by the official authorized to issue the same until he shall have received a written statement signed by the employer . . . with the name and address of the employer agreeing to employ the child in accordance with . . . all provisions of law governing such employment." This clause also provides that "all such certificates shall be delivered to the employer when issued and in force and in no case to the child."

Clause 4 provides that such certificates shall be uniform throughout the State and in the form set out in said clause, "or such substantially similar form as may be approved by the secretary of the state board of education."

Clause 5 provides for the return to the school official of such certificate by the employer within five days after the termination of employment of said child, to be kept on file by such official until issued again as before.

By Clause 7 such certificate is required to be kept by the employer "at the place where such child is employed" and is to be shown to any factory inspector on demand.

Clause 8 is as follows: "Whenever any factory inspector shall have reason to doubt the accuracy of any statement made in any such certificate concerning the age or other qualifications of any child employed thereunder, such inspector shall demand such certificate of the employer of such child, and upon receiving the same shall give such employer a receipt therefor. If after investigation such inspector shall find that such certificate should not have been issued to said child under the provisions of this law, then he shall deliver such certificate to the person who issued it, and shall order it to be cancelled, and shall forthwith notify the said employer that such child must not be longer employed. Every employer or proprietor or manager of any factory or manufacturing or business establishment who shall continue to employ such child after receiving such notice from any factory inspector shall be deemed guilty of a misdemeanor, and on conviction thereof shall be subject to the penalty imposed by Section 12 of this chapter."

Section 12 of Chapter 78 makes it a misdemeanor for any person to employ a child who is under sixteen years of age without the certificate required by Section 1.

From the provisions of Section 1 of Chapter 1378 above-quoted and referred to it is very clear, we think that the entire responsibility of obtaining the information required to be set out in an age and employment certificate and of issuing a proper certificate is placed in the first instance on the school committee of the child's place of residence; that in certain respects the statements contained in the certificate may after it is issued be examined by any factory inspector as to their accuracy, and that if he finds the cer-

tificate should not have been issued, he may order its cancellation.  We regard it as equally plain that in these circumstances an employer who has received from the proper school committee and has in his possession a certificate in form substantially as required by law and particularly in all its essential features, is not required to investigate the accuracy of the statements of the certificate, but is entitled to rely upon it as rendering the employment by him of the child therein named as being legally permitted, and that said child is *sui juris* as an employee under the Workmen's Compensation Act.  The provision in Clause 8 relative to the continued employment of the minor after cancellation of the certificate strongly implies that prior to such cancellation the employment is legal.

It is conceivable that something denominated an age and employment certificate might be given to an employer, so plainly deficient on its face in the essential particulars prescribed by statute, that it would not legalize the employment of the child, or protect the employer from criminal prosecution.  On the other hand it probably would not be contended that every possible inaccuracy of statement would render the certificate of no legal effect.  The only specified defect, as already stated, is that in the certificate given by the official designated by the School Committee of Woonsocket to issue such certificate, the mother of the child signs the certificate and states that she has control of the child, which it is alleged is a false statement, inasmuch as the plaintiff, the child's father, at the time, lived with and had control of him.

(3)    The defendant by its demurrer while admitting this allegation of fact to be false, namely, that the mother had control of the child, says in effect in its fifth and sixth grounds of demurrer that the inaccuracy or defect is immaterial so far as the defendant is concerned.  An inspection of Clause 2 of Section 1 of Chapter 1378 makes it very evident that in addition to the child's name and residence there are only three matters treated as of prime importance

in the certificate, namely (1) that the child has completed fourteen years of age, (2) that he is able to read at sight and write legibly simple sentences in the English language and (3) that he shall be certified by a physician to be in sufficiently sound health and physically able to be employed in any of the occupations or processes in which a child between fourteen and sixteen years of age may be legally employed.

The statute also provides for the inclusion in the certificate of a description of certain specified physical characteristics of the child, such as height, color of eyes and hair, and complexion, states who shall furnish some of the information called for and specifies with particularity what kind of evidence must be furnished to prove the age of the child.

It is noteworthy, however, that as by Clause 8 authority is only conferred on a factory inspector to investigate as to whether a certificate has been properly issued, and, if his finding is adverse, to order cancellation, when he "shall have reason to doubt the accuracy of any statement made in any such certificate concerning the age or other qualifications of any child employed thereunder," confirmatory evidence is furnished thereby of the essential importance of the statements as to age, as to the possession of ability to pass the specified educational test and as to the physical fitness of the child for work in which he may be legally employed, these in fact being the only "qualifications" of the child required to enable him to be legally employed.  It is fairly implied, we think that while the other statements in the certificate may be useful, for example, in establishing the identity of the child working under the certificate with the child named therein, they are not of such material importance that every inaccuracy in such statements would render the certificate null and void.

The form of the certificate given in Clause 4 commences, as follows:  "This certifies that I am the (father, mother, guardian, or custodian) and have control of (name of child) whose signature appears below, and that (he or she) was born at (name of town or city), in the county of

and state (or country), of                    , on the (day)
of (month), A. D.
and is now (number of years and months) old."

This is to be signed by the child and by the "person having control of said child."

As already stated, the plaintiff relies wholly on the fact that the child's mother represented herself as being in control of the child and signed the certificate.

It is doubtless a natural arrangement to have the information contained in the foregoing certificate given by a person holding the relation to the child of parent, guardian or custodian. Ordinarily such persons might be presumed to possess such information. But inasmuch as in general a father is entitled to the custody and control of his minor child, and as the guardian of the person of such child is by law entitled to such control, and as also this is true of a mother, if she be a widow, and ordinarily so with her in fact in the absence, whether temporary or prolonged, of the father, it is not easily apparent why the form should have the words asserting control of the child, especially as the certificate is apparently simply for the purpose of giving the name, place, date of birth and age of the child, and especially also as the statements in the certificate in regard to name, date and place of birth of said child cannot be accepted as true by the official of the school committee until "substantiated by a duly attested copy of the birth certificate, baptismal certificate, or passport of such child" (Clause 2), or if it appears that such evidence cannot be produced, until substantiated by "other evidence satisfactory to the secretary of the state board of education." (Clause 6). Under Chapter 139 of the General Laws entitled "Wrongs to Children," a child may be taken into custody by designated officers of the law and delivered to certain named institutions for the care of children or "to some suitable person, who may be willing to receive" the child "into his family," to be there properly brought up. Such person may aptly be described as having the control, and as being cus-

todian of the child.  Perhaps cases involving children thus situated may have led to the use of the words "and have control" in the certificate.  It also may be noted that the prescribed form of the certificate nowhere requires the assent of the parent, guardian or custodian to the employment of the child, although, if deemed of importance, such consent could be inferred from the signing.  However, whatever may have been the purpose in the use of the words "and have control" in the form of certificate prescribed we are of the opinion that the fact of their falsity in strict legal sense when applied to the mother, while the father lives with their child, does not itself invalidate an age and employment certificate.  In view of the slight credence which the statute permits to be given to the statement by the parent, guardian or custodian as to the name, place and date of birth of the child, and in view also of the purpose of Chapters 78 and 1378 in permitting the employment of minors of the age of fourteen and fifteen years when they possess certain specified educational and physical qualifications, when these qualifications are shown to exist, we are of the opinion that it would not be reasonable to hold the employment of a minor to be illegal on account of the incorrectness of a statement so clearly unimportant as the one on which the plaintiff rests his case.

The plaintiff cites certain cases as supportive of his claims but we think they are for the most part of little assistance in deciding the question before us.

In *Lostutter* v. *Brown Shoe Co.*, 203 Ill. App. 517, a minor over fourteen years of age and under sixteen was injured while engaged in work prohibited by the Child Labor Act and it was held that he was not under the provisions of the Workmen's Compensation Act.  There was no question as to the sufficiency of an employment certificate considered. One question argued was whether an amendment to the compensation act by implication repealed or abrogated a provision of the Child Labor Act.

In *Westerlund* v. *Kettle River Co.*, *supra*, it was held that the minor was working in a prohibited employment and that he was not within the provisions of the compensation act. *Kutz* v. *Acklin Stamping Co.*, 27 Ohio App. 273 (1917) is *Acklin Stamping Co.* v. *Kutz*, *supra*. In that case a minor less than sixteen years old was working without a certificate and at a prohibited hour of employment. The *American Car and Foundry Co*. v. *Armentraut*, 214 Ill. 509 (1905) does not involve a construction of the Workmen's Compensation Act of that state, which did not go into effect until 1912. A minor was working in violation of the Child Labor Law, and was injured. Questions as to the liability of the employer were considered, one of them being the effect of a misrepresentation of the minor as to his age. In *Roszek* v. *Bauerle & Stark Co.*, 282 Ill. 557 (1918) a minor between the ages of fourteen and sixteen years was working without a permit although one was required for minors of such an age. Held that the employment was unlawful and that the minor was not an employee within the provisions of the Workmen's Compensation Act. In *Stetz* v. *F. Mayer Boot & Shoe Co.*, 156 N. W. 971 (Wis. 1916), a minor less than sixteen years of age at the time of his employment and injury had not obtained from the commissioner of labor "a written permit authorizing the employment of such child." The plaintiff when employed represented that he was sixteen years of age. Held that the employment was illegal. The question of whether the misrepresentation as to his age would bar plaintiff's action at law was considered and decided in the negative. In *Chabot* v. *Pittsburgh Plate Glass Co.*, 103 Atl. 283 (Penn. 1918), a boy fourteen years old was injured. Public Law 283 passed in 1909 forbade his employment, unless his employer procured and kept on file an employment certificate issued to the minor and kept "two lists of all minors under the age of sixteen years employed in or for his or her establishment"; one of said lists to be kept on file in the office, and one to be conspicuously posted in each of the departments in which minors were employed. The employment certificate was procured, but the lists of minors

were not kept or posted.   It was held that the requirement to post the lists was mandatory, and that such breach of the law was sufficient to convict the defendant of negligence as a matter of law.   The Workmen's Compensation Act passed in 1915 is not referred to, and there is no suggestion that either party to the action at law claimed to be under the compensation act.

The defendant calls attention to *Foth* v. *Macomber & Whyte Rope Co.*, 161 Wis. 549.   In this case a minor, while properly employed by the defendant, was at one time put to the performance of some work prohibited by law.   Being injured he brought an action at law.   It was held that it could not be maintained as he was an employee within the provisions of the Workmen's Compensation Act.   In *Lutz* v. *Wilmanns Bros. Co.*, 164 N. W. 1002 (Wis. 1917) on a similar state of facts the court followed its ruling in the case of *Foth* v. *Macomber & Whyte Rope Co.*, *supra*, distinguishing the latter case from *Stetz* v. *Mayer Boot & Shoe Co.*, *supra*.

(4)   The fourth ground of demurrer is that the plaintiff nowhere alleges that at the time of the accident "the defendant did not have in its possession the age and employment certificate . . . required by law." We think this ground is well taken as inspection shows this defect in the statement of plaintiff's case.   This, however, is plainly an amendable defect, while the other grounds are decisive of the plaintiff's right to recover in this action.

In accordance with what has already been said we are of the opinion that the decision of the Superior Court was right in sustaining the defendant's demurrer to the plaintiff's replication on all the grounds stated therein, except ground 1, which we do not think is well taken.

The exception of the plaintiff is, therefore, overruled and the case is remitted to the Superior Court for further proceedings.

*Archambault & Jalbert, for plaintiff.*

*Green, Hinckley & Allen, for defendant.   Abbott Phillips, Chauncey E. Wheeler,* of council.