## ROCK ISLAND COAL MINING CO. v. GILLIAM.

No. 12173—Opinion Filed March 13, 1923.

(Syllabus.)

1. **Master and Servant—Workmen's Compensation Law — "Employer" — Minor Illegally Employed in Coal Mine.**

A minor under the age of 16 years engaged in work underground in a coal mine in violation of section 7218, Compiled Statutes 1921, is not an employe within the meaning of section 7284.

2. **Same—Injury to Minor—Right of Action.**

Where a minor is set to work at a hazardous employment in violation of the statute and receives an injury, the employer cannot avail himself of the provisions of the Workmen's Compensation Act, and the minor can maintain a common-law action for recovery of damages for injury.

Error from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by Oscar Gilliam, a minor, by next friend, against the Rock Island Coal Mining Company for damages for personal injuries.

Judgment for plaintiff, and defendant brings error. Affirmed.

C. O. Blake and Moore & Harries, for plaintiff in error.

Wyatt & Waldrep, for defendant in error.

COCHRAN, J. This suit was commenced by defendant in error, plaintiff below, hereinafter called plaintiff, to recover for an injury suffered by the plaintiff in one of the mines owned by the defendant. The case was tried to a jury and judgment rendered for the plaintiff, from which the defendant has appealed. The plaintiff at the time of the injury was 14 years and three months old, and was permitted to work in the defendant's coal mine in violation of the provisions of section 7218, Compiled Statutes 1921, which is as follows:

"No child under the age of 16 and no girl or woman shall be employed or permitted to work underground in any mine or quarry."

Section 7221 makes the violation of such statute a misdemeanor.

It is contended by the defendant that the injury to the plaintiff comes within the scope of the Workmen's Compensation Act, and that the remedy provided by that act is exclusive, and it relies upon section 7359, Compiled Statutes 1921, which provides as follows:

"The right of action to recover damages for personal injuries not resulting in death arising and occurring in hazardous employments as herein defined, except the right of action reserved to an injured employe or his dependents or other legal representative in section 2 of art. 2 and section 10 of art. 5, of this act, is hereby abrogated, and all jurisdiction of the courts of this state over such causes, except as to the cause reserved to such injured employe or their dependents or other legal representatives in section 2, of art. 2, and section 10 of art. 5, of this act, is hereby abolished."

Section 7286 provides:

"The liability prescribed in the last preceding section shall be exclusive. * * *"

It is conceded that the defendant was engaged in a business classed as "hazardous" as defined in the act, and that the injury sustained by the plaintiff was one for which compensation is provided for by the terms of the act in the event the plaintiff was an "employe" as defined by the act. Section 7284, Compiled Statutes 1921, defines an employe as follows:

" 'Employe' means any person engaged in manual or mechanical work, in the employment of any person, firm, or corporation

carrying on a business covered by the terms of this act."

The defendant insists that plaintiff was an employe within the meaning of that term as above defined; that the minor was not prohibited by law from entering into a contract of employment with the defendant, but was only prohibited from performing certain kinds of work, but it is admitted that plaintiff was engaged in work in violation of the statute at the time the injury was inflicted.

The statute prohibiting the employment of children under the age of 16 to work underground in a mine was passed by the Legislature to vitalize section 4, art. 23, of the Constitution, which is as follows:

"Boys under age of 16 years and women and girls shall not be employed, underground, in the operation of mines; and, except in cases of emergency, eight hours shall constitute a day's work underground in all mines in the state."

And in discussing this provision of law, this court in Curtis & Gartside Co. v. Pigg, 39 Okla. 31, 134 Pac. 1125, said:

"The purpose of the child labor law is to positively prohibit children under the ages designated from being employed, permitted, or suffered to engage in occupations that are injurious to health or morals or hazardous to life or limb, and, in the general plan of prohibition the terms 'employed,' 'permitted,' and 'suffered,' are each given a distinct office, with the full meaning and significance given such terms in common usage, and mean that children shall neither be employed by contract, nor permitted by acquiescence, nor suffered by a failure to hinder."

In Hogan v. State Industrial Commission, 86 Okla. 161, 207 Pac. 303, this court quoted with approval from 26 Cyc. 968, as follows:

"The relation of master and servant arises only out of contract, which, except where controlled by the statute of frauds, may be either expressed or implied, verbal or written; and may contain such terms and conditions as the parties see fit to make, provided they are not illegal and do not contravene public policy."

In New v. McMillan, 79 Okla. 70, 191 Pac. 160, the fourth paragraph of the syllabus is as follows:

"The relation of master and servant arises only out of contract; to constitute such contract there must be mutual understanding, a mutual agreement between and a mutual meeting of the minds of the parties."

This court having held that the relation of master and servant arises only out of contract, and the Constitution and stat-

utes expressly prohibiting certain contracts, the words "in the employment" signify the relationship existing by reason of a lawful contract entered into between the master and servant.

The question as to whether the provisions of the Workmen's Compensation Act shall be applied to injuries received by a minor whose employment is unlawful and in violation of the expressed provisions of the statute has been passed on by the courts of most of the states having Workmen's Compensation Laws, and in discussing that question the editor of 14 A. L. R. 819, says:

"While there is some conflict upon the question, the rule is adhered to by weight of authority that the employment contemplated by the provision of the Workmen's Compensation Acts is a lawful employment, and that these acts are inapplicable in case of an injury to a minor whose employment is unlawful."

The authorities supporting this statement are collected in the notes. The authorities to the contrary are: Rasi v. Howard Mfg. Co. (Wash.) 187 Pac. 327; Noreen v. Vogel & Bros., 221 N. Y. 317, 132 N. E. 102.

The case of Foth v. Macomber & Whyte Rope Co. (Wis.) 154 N. W. 369, is apparently in point, but in the case of Stetz v. F. Mayer Boot & Shoe Co. (Wis.) 156 N. W. 971, that court stated as follows:

"The provisions of this statute can only apply to minors who are at the time of contracting to enter the service of another authorized and permitted under the law to engage in such service and employment the same as adults. It is urged that the Workmen's Compensation Law applies to and includes all minors in the service of others, who, under the law, may upon specified conditions and circumstances obtain a permit authorizing their employment without first obtaining the permit provided by law. This contention runs counter to the terms of the Compensation Law and the provisions of other statutes prohibiting the employment of children under certain ages."

In the last cited case special attention is called to the decision of Foth v. Macomber & Whyte Rope Co., supra, and it is stated that the facts and circumstances in that case showed that the minor had been employed to perform services which he was legally authorized to perform, but at the time of the injury was working at a machine at which he was forbidden to work, and that, since the minor was legally authorized to make a contract of employment, he must be considered as coming within the provisions of the act. It is thus seen that the Wisconsin decisions do not support the contention of

the defendant in this case, as the services which the minor was employed to perform in the instant case were unlawful and neither the employer nor employe could enter into a valid contract in regard to the same. The holding of the Wisconsin court, however, is not in accordance with the great weight of authority, and as stated in 14 A. L. R. 820:

"The better rule is that, to permit a minor employe to be regarded as within the meaning and provisions of the Compensation Act, there must be a valid contractual relation, and a contract to be employed in the work in which he was injured; that a contract which is illegal, or in violation of a statute, will not suffice. A valid contract of employment in the work in which the minor was injured is essential, in order that such a person may be an 'employe' under the act."

The statutes of Iowa, Pennsylvania, New Jersey, Washington, and New York are very similar to the Oklahoma statute, as to the definition of employe. In Michigan, Wisconsin, Ohio, Rhode Island, and Minnesota, the statute includes "minors who are legally permitted to work under the laws of the state." In West Virginia the statute specifically provides that the act shall not apply to employers of employes whose employment is prohibited by law. In each of these states it has been held that minors employed in violation of law do not come within the scope of the Workmen's Compensation Act. In Acklin Stamping Co. v. Kutz (Ohio) 120 N. E. 229, the court said:

"If the relation of employer and employe does not exist, the provisions of the act have no application. It becomes necessary, therefore, to determine who is an 'employe' within the meaning of that term as used in the Workmen's Compensation Act. The term is defined by section 14, of the act. * * * It includes minors 'who are legally permitted to work for hire under the laws of the state.' We think that it was intended by this clause to exclude from the operation of the provisions of the act minors whose employment is illegal. We cannot subscribe to the view that it was intended to mean minors who may be legally employed to work under the laws of the state at some occupation, at some time and under certain circumstances, regardless of whether the minor was eligible for employment in the work or occupation in which he was engaged at the time of his injury. The test is: Was the employment of the minor in the given case illegal? If there has been on the part of the employer a violation of the statutes of this state enacted for the protection of children, the employer cannot avail himself of the provisions of the Workmen's Compensation Act."

In Taglinette v. Sydney Worsted Co. (R. I.) 105 Atl. 641, the court said:

"Most, if not all, of the states which have a provision in their compensation acts relative to the employment of minors employ this language, 'minors who are legally permitted to work under the laws of the state.' It has been held that this language was intended to exclude from the statute minors whose employment is prohibited by law. * * * The Factory Inspection Act in so far as it affects child labor and the Workmen's Compensation Act are both examples of modern social legislation along different lines. The one seeks to give the child a larger opportunity for future usefulness by requiring him to get some measure of education before engaging in certain kinds of work, and by protecting him in his years of immature mental and physical development from hazardous and hurtful employments. The other provides compensation and new remedies for those injured in industrial employments which involve less delay and expense and render more certain the certainty of recovery of compensation, when most needed, than existed under the older forms of remedy. Each has a beneficent design, and each is to be interpreted with a liberality calculated to effectuate its purpose. The argument, however, in favor of extending the Compensation Act by recognizing as legal the inclusion among employes those minors whose employment the Factory Act forbids does not commend itself."

In Hetzel v. Wasson Piston Ring Co. (N. J.) 98 Atl. 306, the court said:

"It can hardly be doubted that the Legislature, in providing for the ingrafting of these statutory provisions on contracts of hiring, had in mind contracts which were valid in law or, at least, contracts the making of which was not prohibited by express legislative enactment; for it would be entirely unreasonable to attribute to the Legislature the intention of adding terms to a contract of hiring which it had already prohibited the parties thereto from making."

And in discussing the purpose of the statute prohibiting the employment of minors, the court used the following language:

"Its primary object is the protection of children who are too young to appreciate the dangers arising out of work in places such as those described in the act. And, in order to make that protection complete, the Legislature left no loophole for the escape from its provisions of either the employer or the parent. It says to the employer, 'You shall not employ any child under the age of 14 years in your factory; you shall not allow or permit him to work there.' It says to the parent of such a child, 'You shall not allow or permit your boy or girl to work in such a place until he or she has reached the age of 14 years.' Having declared this absolute prohibition, how can it logically be said that the Legislature, by a subsequent enactment, recognized the right of the factory owner and the parent to disregard the mandate

of this statue. and make a contract for the employment of the boy which might or might not have read into it the provisions of the Workmen's Compensation Act, as the master and the parent between them should elect?"

It is our opinion that in enacting the Workmen's Compensation Law the Legislature referred. to legal employment, and that the provisions of the act have no reference to minors who are employed in violation of the statute. To construe the law so as to permit an employer who has employed children illegally, in express violation of the statute, to insist that they are deprived of their common-law rights and must look to the Compensation Act for relief, would nullify the provisions of the statute prohibiting child labor and would be in disregard of the public policy of the state. The Workmen's Compensation Law was not intended to prescribe rights and remedies for persons engaged in unlawful or criminal occupation. It in no manner destroys the purposes of the Workmen's Compensation Law to hold that its provisions were not intended to apply to children who are unlawfully set at work in hazardous employments, and that where they are injured in such employments they have a common-law action against the employer.

Complaint is made of that portion of instruction No. 3 in which the following words were used:

"You are instructed that in order to establish proximate cause it is necessary in the first place that there be casual connection between the negligent act and the injury."

The defendant complains because of the error in using the word "casual" instead of "causal"; but in the very next sentence the court uses the following language:

"The act must be such that without it the injury would not have happened."

When the instruction is taken as a whole, the erroneous use of the word "casual" cannot be held to have prejudiced the rights of the defendant.

The other errors complained of are either without merit or in no manner prejudicially affected the rights of the defendant.

The judgment of the trial court is affirmed.

JOHNSON, V. C. J., and KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.