ASSOCIATED INDEMNITY CO. et al. v. FRIERSON et al.

No. 32442. June 25, 1946.

*170 P. 2d 225.*

Hudson & Hudson, of Tulsa, for petitioners.

A. M. Covington, of Tulsa, and Mac Q. Williamson, Atty. Gen., for respondents.

BAYLESS, J. On the 9th day of June, 1945, Floyd Frierson, 14 years of age, hereinafter called respondent, filed his first notice of injury and claim for compensation stating that while employed as a laborer with the petitioner, Manhattan Construction Company, he sustained an accidental injury arising out of and in the course of his employment on July 27, 1943, when he fell into a hole injuring his back and hip. On the 24th day of November, 1945, the State Industrial Commission entered an order affirming an award of the trial commissioner and the petitioners, Manhattan Construction Company and its insurance carrier, Associated Indemnity Company, have brought this proceeding to review the award.

The sole contention of petitioners is that the State Industrial Commission was without authority to enter an award for the reason that the contract of employment was illegal under the provisions of 40 O.S. 1941 § 71, and that before the State Industrial Commission is authorized to enter an award there must be a legal employment. 40 O.S. 1941 § 71, provides:

"No child under the age of fourteen years shall be employed or permitted to work in any factory, factory workshop, theatre, bowling alley, pool hall or steam laundry, *and no child under the age of fifteen years shall be employed or permitted to work in any occupation injurious to health or morals or especially hazardous to life and limb;* provided that nothing in this Act shall prevent any child not a resident of the State of Oklahoma under fifteen years of age from being employed to perform or from performing in any duly licensed theatre, motion picture theatre or other places of public amusement if such child is accompanied by or in the custody, care or control of a parent, guardian, governess, or teacher, who shall remain on the stage in such theatre, motion picture or other place of public amusement during the performance of such child. It shall be the duty of the Commissioner of Labor upon investigation by himself or the agents of his department, or upon the complaint of the Commissioner of Charities and Corrections, or the Board of Health, to determine what occupations are injurious to health or morals or especially hazardous to life or limb, and to notify employers in such occupation or occupations of his decision, which decision shall be final until such occupation or occupations shall be defined by law or by final judgment in a court of competent jurisdiction as safe for health, morals, life or limb."

It is asserted that the employment of respondent to do the particular work was a violation of the underscored portion of the statute above. Petitioner argues that the employment of this boy less than 15 years of age to help the digging of holes, eight feet square and ten or twelve feet deep, as a part of the foundation of a huge building to be constructed or in the course of construction, where various types of power-driven machinery were used in the vicinity, undoubtedly constituted an "occupation . . . especially hazardous to life and limb." With this basis, petitioner then cites and relies on Rock Island v. Gilliam, 89 Okla. 49, 213 P. 833, to defeat the jurisdiction of the State Industrial Commission.

Respondent urges that the employment was not a violation of the statute above, either inherently or by virtue of the circumstances of the particular occasion, and that the finding of the commission: "That . . . the claimant was in the employ of the respondent herein . . . and subject to the provisions of the Workmen's Compensation Law . . . " deprives petitioner of any factual basis for the argument made on the strength of the Rock Island Case.

While construction work is included in the definition of hazardous employments, 85 O.S. 1941 § 2, it is only employments "especially hazardous to life and limb" that are forbidden to respondent.

The work that respondent did was wholly manual, such as digging and removing dirt from the hole by the use of pick, shovel, basket and ladder, and at the time of the injury the hole was ten or twelve feet deep. On occasions when it was necessary to use power-driven machinery in this hole, respondent was carefully excluded therefrom or from participation therein. Thus the work left to be done by him was of the simplest character and it is not pointed out wherein such work should be considered especially hazardous to life and limb. It is a part of construction work that is hazardous within the purview of the Workmen's Compensation Law because included in the statutory definition. We cannot go beyond that and say that it is especially hazardous and therefore unlawful.

The award is sustained.

HURST, V.C.J., and RILEY, OSBORN, and WELCH, JJ., concur. DAVISON, J., concurs in conclusion.