Johnson, Ch. J.
The collision from which the plaintiff’s injury resulted, occurred on the track of the New York and Harlem Eailroad Company, between a train of that company and a train of the defendants. The plaintiff was a passenger in the Harlem train, which ran into the defendants’ train, both being in motion towards New York. There was . evidence of negligence in the management of each train, and the position on which the defendants rely is, that such negligence on the part of the Harlem train as would preclude that company from an action against the defendants will also preclude the plaintiff from sustaining his action. The general rule is, that one who receives an injury *343 from the negligence of another may maintain an action for his damages. Upon this rule a natural and reasonable exception has been engrafted, that if the injured party, by his own negligence, has contributed to the injury, he cannot maintain an action, unless the negligence of the other party has been so gross in its character as to be equivalent in law to a willful injuring. I do not think this exception, or any reasonable extension of it, can be applicable to the plaintiff. He was a passenger on the Harlem cars, conducting himself as he lawfully ought, having no control over the train or its management ; on the contrary, bound to submit to the regulations of the company and the directions of their officers. To say that he is changeable with negligence because they have been guilty, is plainly not founded on any fact of conduct on his part, but is mere fiction. The doctrine contended for is stated and, in a measure sustained by the decision in Thorogood v. Bryan (8 Common Bench R., 115). That was an action by a passenger in an omnibus against the. proprietors of another omnibus, by which the plaintiff- was injured. Wishing to alight he did not wait for the omnibus to draw up to the side of the street, but got out while it was in motion, and far enough from the foot-path to allow another carriage to pass between it and the path. The other omnibus coming up ran over him. The jury were told that if they thought want of care on the plaintiff’s" part, or on the part of the driver in not drawing up to the side of the street to put the plaintiff down, had been conducive to the injury, no recovery could be had. ' Before the decision of this case, Catlin v. Hills (8 id., 123), was argued, an action by a passenger on a steamboat against the proprietors of another steamboat, between which a negligent collision took place, whereby the passenger was inj ured. In the course of these discussions, Bridge v. Grand Junction Railway Company (3 Mees. & Wells, 244), was also considered, in which the doctrine in question seems -to have originated. Judgment was not given in Catlin v. Hills, an arrangement between the parties having taken place, but in the first case mentioned the ruling at the trial was maintained. It seems to have been put *344 on the ground that the plaintiff having voluntarily trusted himself on the omnibus had so identified himself with its management that the driver’s negligence would deprive him of any right to an action against the owners of the other vehicle. Upon the fact® of that case, where the driver’s negligence consisted only in his not preventing the plaintiff from getting out until he had drawn up to the foot-pathj there was great room to say that it was as much attributable to the plaintiff as to the driver. But I do not see the justice of the doctrine in connection with the case before us. It is entirely plain that the plaintiff had no control, no management, even no advisory power, over the train on which he was riding. Even as to selection, he had only the choice of going by that railroad, or by none. To attribute to him, therefore, the negligence of the agents of the company, and thus bar him of a right of recovery, is not applying any existing exception to the general rule of law, but is framing a new exception which does not in fact rest upon the reason of the original exception, and is based on fiction, and inconsistent with justice.
The judgment should be affirmed.
Selden and Strong, Js., took no part in the decision; all the other judges concurring,
Judgment affirmed.