## HOWARD v. DUNCAN.

No. 21369. Opinion Filed April 25, 1933.

Cheek & McRill, for plaintiff in error.

Eugene Jordan, for defendant in error.

SWINDALL, J. This is an appeal from a judgment of the district court of Lincoln county, Okla., wherein plaintiff therein, Lena Duncan, recovered money damages against the defendant therein, Dewey Howard, for injuries sustained by plaintiff, resulting in the loss of use of her hand while working as a mangle press operator in defendant's steam laundry.

Following the injury, and prior to the action in the district court, Lena Duncan filed a claim for compensation with the State Industrial Commission, wherein she showed that she suffered an accidental personal injury arising out of and in the course of her employment with Dewey Howard, in a hazardous employment within the provisions of the Workmen's Compensation Law. She stated her age as 18 years. The Commission heard evidence and found these facts, with the exception of age specifically, and made an award to claimant. The following day the Commission granted claimant's application for lump sum settlement, and within a few weeks receipt was filed showing payment to her of $1,440. Four and one-half months later the present action was started in the district court.

The plaintiff predicated her right to recovery in the district court upon the proposition that the employment was prohibited by statute, section 7209, C. O. S. 1921 (10834, O. S. 1931), in that at the time she was employed, and at the time of the injury in question, she was not 16 years of age, and the kind of work she was em-

ployed to do pertained to the operation of a dangerous steam operated machine and required her to remain standing constantly. Defendant presented in bar the former proceedings between the parties had before the State Industrial Commission, wherein that Commission took jurisdiction of the cause and rendered an award in plaintiff's favor.

The parties concede, in effect, that if those proceedings were valid, plaintiff's present action is barred. Section 7286, C. O. S. 1921 (13352, O. S. 1931).

Defendant in error contends that, since she was not in fact 16 years of age, the State Industrial Commission was without jurisdiction under the decision of this court in Rock Island Coal Mining Co. v. Gilliam, 89 Okla. 49, 213 P. 833, and that, therefore, its "orders and awards rendered outside the scope of its conferred jurisdiction are nullities, and therefore such order is not binding upon the plaintiff in this case."

The question, then, is, whether the State Industrial Commission had jurisdiction of this cause and rendered a valid and binding award.

"Jurisdiction over the subject-matter is essential in every case; a condition precedent, in a way, to the acquisition of authority over the parties. * * * Jurisdiction of the subject-matter has reference to the nature of the cause of action or the relief sought. It does not mean simply jurisdiction of the particular case then occupying the attention of the court, but jurisdiction of the class of cases to which the particular case belongs and over which the authority of the court extends. It is conferred by the sovereign. * * * Such jurisdiction exists, then, in any case in which it appears that the matter in litigation is one over which the general power of the court extends and that such power was regularly called into action. * * *" Freeman on Judgments (5th Ed.) vol. 1, sec. 337.

More definitely, it exists when the court has power to proceed in a case of the character presented, or, power to grant the relief sought in a proper cause.

A court acquires power to proceed in a particular case by an application of a party showing the general nature of the case and requesting relief of the kind the court has power to grant. Ordinarily, jurisdiction is invoked by pleadings filed by the parties. It then becomes the duty of the court, having service, to proceed to a determination of the cause. Schroeder v. Merchants & Mech. Ins. Co., 104 Ill. 71; Miller v. Thompson, 209 Ala. 469, 96 So. 481; Crow v.

Van Ness (Tex. Civ. App.) 232 S. W. 539. How far the pleadings must go toward showing the facts essential to jurisdiction in the particular case is not uniformly settled, and may differ among different proceedings, but it is perfectly clear that in no court of general jurisdiction must every essential jurisdictional fact be alleged in order to sustain a judgment rendered. Nor must all such facts be at any place asserted or determined. Welch v. Focht, 67 Okla. 275, 171 P. 730, L. R. A. 1918D, 1163; Horstman v. Bowermaster, 90 Okla. 262, 217 P. 167; Cowan v. Hubbard, 50 Okla. 671, 151 P. 678, L. R. A. 1918C, 958; Hathaway v. Hoffman, 53 Okla. 72, 153 P. 184; Grignon's Lessees v. Astor, 43 U. S. 19, 11 L. Ed. 283; Ex parte Tobias Watkins, 3 Pet. 193, 7 L. Ed. 650; Thompson v. Tolmie, 2 Pet. 165, 7 L. Ed. 381; Skillern's Executors v. May's Executors, 6 Cranch. 267, 3 L. Ed. 220; Jarrell v. Laurel Coal & Land Co. (W. Va.) L. R. A. 1916E, 316, and note. In Grignon's Lessees v. Astor, supra, the court said:

"It is enough that there is something of record which shows the subject-matter before the court, and their action upon it, that their judicial power arose and was exercised by a definitive order, sentence, or decree."

In Horstman v. Bowermaster, supra, this court said:

"The allegations of the answer * * * were sufficient to challenge a judicial inquiry as to the validity of the contract, and to challenge the attention of the court to the relief sought."

This principle is so recognized that it appears in the form of a rule that on collateral attack, where the record is silent on a jurisdictional fact, it will be presumed conclusively that the court investigated and found that it had jurisdiction.

"It is the well established general rule that when a domestic judgment of a court of superior and general jurisdiction, acting within the ordinary scope of that jurisdiction, is assailed collaterally, every presumption is made in favor, not only of the proceedings, but of the court's jurisdiction, both as regards the subject-matter and of the parties, unless the contrary affirmatively appears on the face of the record itself." 15 R. C. L., Judgments, p. 880.

Such a presumption is no less than a substantive rule of law. The presumption may be utterly false. But, where the court renders a decision passing on the merits, all jurisdictional facts, collateral to the merits or otherwise, will be resolved in

favor of the court's jurisdiction. Jurisdictional facts not raised are assumed. The very filing of a petition by a plaintiff seeking relief that a court has power to grant is an assertion of jurisdictional facts, and the filing of an answer not raising them is an admission. Our law places the burden of trial on the parties. If those facts do not appear to the contrary, they are concluded by a decision on the merits. Vanfleet's Collateral Attack, p. 671.

**Allegations, not facts, give a court jurisdiction.** Vanfleet's Collateral Attack, sec. 60, p. 73, states:

"Jurisdiction always depends upon the allegations and never upon the facts. When a party appears before a judicial tribunal and alleges that a certain right is denied him, and the law has given the tribunal the power to enforce that right—his adversary being notified—it must proceed to determine the truth or falsity of his allegations. The truth of the allegations does not constitute jurisdiction. The tribunal must have jurisdiction before it can take any adverse step. Its jurisdiction, necessarily, has to be determined from the allegations, assuming them to be true. This point is so important. * * *"

In a famous English case on this point, Reg. v. Bolton, 1 Ad. & El. N. S. 66 (72), 41 E. C. L. 439 (442), Lord Chief Justice Denman said:

"But, where a charge has been well laid before a magistrate, on its face bringing itself within his jurisdiction, he is bound to commence the inquiry. * * * The question of jurisdiction does not depend upon the truth or falsehood of the charge, but upon its nature; it is determinable on the commencement, not at the conclusion, of the inquiry."

In Stuart v. Allen, 16 Cal. 474 (501), 76 Am. Dec. 551, the California court said:

"So far as the question of jurisdiction is concerned, it is immaterial whether the statements of the petition are true or not; the jurisdiction rests upon the averments of the petition, not upon proof of them."

Matters averred, even if not true, do not deprive the court of jurisdiction unless it is shown they are not true. When the jurisdictional defect appears, jurisdiction ceases, not by the mere fact that the defect shows the case outside, but by reason of the judicial determination of the truth thereof. Until such determination the alleged fact stands, not necessarily as true, but as conclusive of jurisdiction. Darling v. Conklin, 42 Wis. 478, was a case where a justice's maximum jurisdiction was $200, and the allegations showed that, but, in fact, the claim exceeded $200. The court said (p. 481):

"But that determination ousted the jurisdiction only thenceforth; it did not operate to defeat the jurisdiction theretofore conferred by the affidavit, to issue the writ and entertain the action. Further jurisdiction of the action on the merits ceased, not by the mere fact that the value exceeded $200, but by the judicial determination of the fact. Until such determination, the value stated in the affidavit was conclusive of the jurisdiction."

In this respect, the jurisdiction of the court does not rest on a presumption that the court has found the fact **true**, but on the allegation of facts which require it to proceed until the defect appears and is adjudicated. Thus, where it never appears and a judgment is rendered, its conclusiveness collaterally does not rest on a presumption that the court found the jurisdictional facts, but on the fundamental proposition that a court must act on allegations of the parties and that it depends upon the parties to raise the issues of fact—they represent conflicting interests, are most familiar with the facts, and most vitally interested in them. That when it does so act and its jurisdiction is not challenged, and no evidence appears disclosing its absence, the judgment should not be disregarded. It is toying with a court to have it act dependent upon the assertions of the parties, which is our established method of trial, then deny validity to its acts because such assertions were not true in fact. The parties have had their day in court, they are not entitled to two.

It is said with respect to inferior courts that a different rule prevails in regard to presumption as to judgments from that recognized and enforced as to judgments of courts of general jurisdiction. 15 R. C. L., Judgments, p. 881. Mr. Black, in his work on Judgments (2nd Ed.) vol. 1, p. 431, says:

"In the case of judgments rendered by the latter, the rules already stated as applying to the former are directly reversed. Courts of inferior or limited powers must not only act within the scope of their jurisdiction, but it must appear on the face of their proceedings that they so acted; the record or minutes or papers in the case must affirmatively show the existence of every fact necessary to give jurisdiction in the particular cause; otherwise, the judgment may be impeached collaterally, no presumptions are indulged in its support, and

want of jurisdiction may be shown by evidence aliunde."

The soundness of this doctrine is denied in some quarters. L. R. A. 1916E, p. 320; Vanfleet's Collateral Attack, sec. 61; Bells v. Hamilton, 130 Mo. 292, 32 S. W. 656; Stoddard v. Johnson, 75 Ind. 31. All agree that the line of separation between these classes of courts is most indistinct. Black, supra, p. 433. And it is urged forcefully and earnestly that the doctrine does not apply when the court has general jurisdiction over a class of cases. Vanfleet, supra, p. 847; Jacobs v. Louisville & Nashville R. R. Co., 10 Bush. (Ky.) 263; Den ex dem. Obert v. Hammel, 18 N. J. L. (3 Harr.) 73.

We have seen that jurisdiction depends, and must depend, upon the allegations of the pleadings. This is as true of an inferior court as of a superior one where that inferior court is of such a character that it acts as a tribunal adjudicating rights between parties. Therefore, when a court says an inferior court's jurisdiction must be made to appear in every respect, it should mean no more than that every jurisdictional fact must appear in the pleadings, or proof, and not that such fact must have been found true. To hold that every jurisdictional fact must be proved by evidence and determined by the court would impose the useless burden upon the court of taking evidence and finding every such fact when it can as well depend upon undenied assertions as upon evidence. In New York, the most liberal of states in this respect, the court said, in Dyckman v. Mayor, 5 N. Y. 343, p. 440:

"On examining the authorities respecting the conclusiveness of records on jurisdictional questions, there will be found great and irreconcilable diversity, and I shall place my opinion on this question on one single proposition which is supported by several cases, and contradicted by none; and that is, that when the jurisdiction of a court of limited authority depends on a fact, which must be ascertained by that court, and such fact appears, and is stated in the record of its proceedings, a party to such proceedings, who had an opportunity to controvert the jurisdictional fact, but did not, and contested upon the merits, cannot afterwards in a collateral action against his adversary in those proceedings, impeach the record, and show the jurisdictional fact therein stated to be untrue."

Further, where the fact does appear in the allegations, its **truth** should not be subject to contradiction **because it is immaterial**, the court having properly acquired jurisdiction and never having lost it by the appearance of the untruth of the allegation. Darling v. Conklin and Stuart v. Allen, supra.

The only logical deviation that can be made from the rule of presumption obtaining in courts of general jurisdiction is to require that every jurisdictional fact either be asserted so that it will appear, or be determined by the court, or a combination of the two. The only salutary effect of such a rule is to bring all such facts to light so that the court will be less likely to act in a case where it has no jurisdiction. Of course, in certain proceedings the law may, to secure its purposes, require that **certain** jurisdictional facts be alleged, or that **certain** jurisdictional facts be determined by the court. Such requirement as a matter of principle should arise out of the nature of the proceeding and its purpose. This reasoning applies whether the proceeding be before a special tribunal or be a particular proceeding in a court of general jurisdiction. It is frequently held that where a special tribunal has general jurisdiction over a class of cases, the rules respecting courts of general jurisdiction apply. City of Delphi v. Startzman, 3 N. E. 937; Den ex dem. Obert v. Hammel, 18 N. J. L. (3 Harr.) 73 (78); and authorities cited supra. But, under those it may be necessary to allege, or for the court to find, **certain** facts.

Query, whether the State Industrial Commission is such a board, and its proceedings of such nature, as to require **every** jurisdictional fact to be shown before it can act finally, and, if not, what facts, if any, are essential. Should we decide the point in the present case, we would be indulging in dicta, so we, therefore, do not decide.

In the case at bar the claimant before the Industrial Commission, defendant in error herein, filed her claim for compensation in which she stated that she was 18 years old, and showing that she suffered an accidental personal injury arising out of and in the course of her employment in a business enterprise coming under the Workmen's Compensation Law. Such statement formed a part of the pleadings and constituted an assertion therein. In support of this claim evidence was offered and a general finding of fact made by the Commission sustaining claimant and an award entered in her favor. No proceedings were commenced in this court to review the same. It is apparent from what we have said that the State Industrial Commission had jurisdiction of the

cause and that its award was a valid adjudication of the claim. Its jurisdiction being exclusive under the statute, the district court of Lincoln county, Okla., had no right to proceed in the present case further than to determine that it did not have jurisdiction to enter a judgment for damages in favor of plaintiff and against defendant.

The case is remanded to the district court of Lincoln county, Okla., with directions to dismiss for want of jurisdiction to render judgment for damages in favor of plaintiff and against defendant.

RILEY, C. J., CULLISON, V. C. J., and McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. BAYLESS, J., absent. ANDREWS, J., disqualified and not participating.