GELLER, APPELLANT, *v.* EPSTEIN, D. B. A., THE CITY AUTO WRECKING CO., APPELLEE.

(Decided November 18, 1940.)

Mr. C. W. Chorpening and Mr. R. W. Lett, for appellant.

Mr. Howard S. Lutz and Mr. A. Ross Siverling, for appellee.

MONTGOMERY, J. Plaintiff filed his petition in the Court of Common Pleas seeking damages against the defendant for personal injuries sustained while he was in the employ of such defendant, and the petition averred that the defendant, although regularly employing three or more men in his business, had failed to pay any sum whatever into the State Insurance Fund, and had not secured the consent of the Industrial Commission of Ohio to pay compensation direct to injured employees.

By an amended answer filed, the defendant admitted that the plaintiff had sustained certain injuries, and admitted the other allegations of the petition with reference to defendant's non-compliance with the provisions of the Workmen's Compensation Law of Ohio. He averred as a second defense the fact that the plaintiff had filed with the Industrial Commission of Ohio his application for compensation under the Workmen's Compensation Act of Ohio; that the same had been duly investigated and heard, and an award made to the plaintiff from the defendant for some compensation and for medical and dental services performed. It averred further that this order had been complied with and these amounts had been paid by the defendant, and that the defendant is ready, willing and able at all times to pay such sums as the Industrial Commission may find due the plaintiff. The amended answer concluded with the averment that the plaintiff, having elected to recover compensation through the Industrial Commission of Ohio, is barred from bringing any action for injuries received.

The plaintiff filed a reply in which he admitted all the allegations of the answer, excepting only the allegation that he was, by virtue of this election, barred from maintaining this action.

The Court of Common Pleas rendered judgment upon the pleadings for the defendant below and, from that judgment, an appeal was perfected to this court.

This exact question seems never to have been decided in Ohio. Counsel for plaintiff in open court stated that they had made a most exhaustive search of all cases and could find none on which to rely, excepting only the case of *Pisanello* v. *Polinori,* 60 Ohio App., 422, 22 N. E. (2d), 92, a decision rendered by this court.

As we view it, that case does not establish a precedent, or is it parallel to the case now before us. There a minor girl, injured while working for her employer, was induced, without knowledge of her rights, to file an application for compensation with the Industrial Commission. Her application was heard and a finding made on her behalf. After being advised of her rights, she sought and obtained from the Industrial Commission an order vacating this award and then brought an action in the Court of Common Pleas of Stark county for injuries sustained.

It was the holding of this court in that case that under these circumstances this child had made no binding election and was entitled to proceed as she did, when advised of her rights, and that the Industrial Commission of Ohio, having continuing jurisdiction, might revoke an award made by it, when such justification was recognized. Because of the facts in that case we upheld the right of this girl to maintain that action.

Counsel stress a paragraph in the opinion in the *Pisanello case, supra,* appearing at the middle of page 427, wherein reference was made to the fact that she had received no benefit; that no detriment was im-

posed upon her employer; and that a remedy had not been pursued to final judgment.

This was *obiter dictum*—a statement made in passing—and, while correct under the facts in that case, was not necessary to a decision of it, and, as we view it, is not pertinent in the instant case.

It is provided by Section 1465-73, General Code, that an employer who fails to comply with this act shall not be entitled to its benefits during the period of noncompliance, but shall be liable to employees for damages sustained in the course of employment, and, in an action for such damages, the employer cannot avail himself of certain defenses.

However, Section 1465-74, General Code, provides that, when an employer has failed to comply with the provisions of the act, and an employee is injured in the course of his employment, he may, in lieu of proceeding against his employer by civil action, file his application with the commission for compensation, and that the commission shall hear and determine the same and make an award against the employer, which award the employer shall be bound to pay. It provides further the remedy in the event of the failure or neglect or refusal of the employer so to comply.

In the instant case this plaintiff, a man of mature years, on whose behalf no claim is made of fraud or misrepresentation, or lack of knowledge of his rights, pursued this alternative remedy provided by Section 1465-74, General Code. He obtained an award. The award was paid. The employer pleads by his amended answer, and the plaintiff admits by his reply, a willingness on the part of the employer to pay any and all future awards that may be made. The plaintiff is not foreclosed by the small award heretofore made him from a further appeal to the Industrial Commission, if the facts should justify the same.

That the jurisdiction of the Industrial Commission is continuing, and that additional awards, or modifi-

cations of awards may be made, is provided clearly by Section 1465-86, General Code, the only limitation being that of time, which in the instant case is so far unimportant. Moreover, by Section 1465-90, General Code, a right of appeal is established from the decision of the Industrial Commission to the Court of Common Pleas of the county, and this right of appeal applies specifically to a denial of the right of the claimant to receive compensation, or to continue to receive compensation. And it applies to a situation where a temporary partial disability has been provided for and a subsequent claim is made for total disability.

These sections of the Workmen's Compensation Act, to which we have referred, give to an injured employee full, adequate and complete methods of redress, even when the employer has not complied with the provisions of the act. The penalty imposed upon the employer for such noncompliance is the liability to respond in damages in a civil action. But certainly this liability does not hold where the claimant has elected to pursue the alternative remedy which the statutes provide he may select as an alternative.

This legislation and our interpretation of it are justified under Section 35, Article II of the Constitution of Ohio.

Having proceeded as he did, and having still before him the rights given by these mentioned sections, he is not prejudiced. Certainly he has made his election and will be held to abide by it, and the Court of Common Pleas properly rendered judgment against him. The judgment of that court will be, and is, affirmed.

*Judgment affirmed.*

SHERICK, P. J., and LEMERT, J., concur.