## SOUTHERN KANSAS STAGE LINES CO. v. KEMP.

No. 28048.   Jan. 21, 1941.

*109 P. 2d 830.*

John T. Harley and James P. Melone, both of Tulsa, for plaintiff in error.

E. M. Connor, of Tulsa, for defendant in error.

RILEY, J. This is an appeal from a judgment for damages for personal injuries.

Defendant in error, hereafter referred to as plaintiff, sued and recovered judgment against plaintiff in error, hereinafter referred to as defendant, and based his cause of action upon alleged negli-

gence of defendant, as plaintiff's employer, to furnish him a reasonably safe place in which to work and reasonably safe tools and appliances with which to work.

Defendant answered plaintiff's petition by general denial, by plea of contributory negligence; that the court was without jurisdiction of the action, because the work of plaintiff at the time of the alleged injury was in a garage, and repair shop operated by defendant wherein was located various power-driven machinery, and that the matters and things complained of had been fully adjudicated against plaintiff by the State Industrial Commission.

Plaintiff replied by general denial, with admission that he had filed a claim before the State Industrial Commission, but alleged that the State Industrial Commission was without jurisdiction to hear said claim and that it so held in denying compensation.

It developed at the trial that plaintiff was employed by defendant as a janitor in the defendant's terminal station in Tulsa, Okla., that the building in which he worked is about 100 by 150 feet, in which is located a freight dock, a wash rack where plaintiff's busses were washed, cleaned, and serviced. There was also a work bench where repair work was done on defendant's busses and trucks, and upon which was located a power-driven drill, and a power-driven emery wheel and brush.

In the room there was also located a power-driven oil compressor, a power-driven brake relining machine, all used by defendant in repairing and reservicing its busses and trucks; that defendant employed more than two persons in and about such work. Defendant was engaged in carrying passengers and freight by motor busses and trucks.

Plaintiff's employment required him to sweep and clean the floor of the building, wash and clean the busses, and perform other work of a general nature.

The floor of the building is concrete and in washing the busses water is sprayed over the floor. Plaintiff claimed to have received his injuries in carrying out an alleged order by the superintendent in charge of the terminal station to carry a large spring, weighing about 275 pounds, from where it lay on the floor to the freight dock at one side of the room; that when called upon to lift and carry said spring he insisted that he should have help and that he was unable to carry the spring without help, whereupon the superintendent, in a veiled threat to discharge plaintiff, directed him to go ahead; that in attempting to carry out the order plaintiff's foot slipped on the wet floor, causing him to fall, resulting in the injury.

The uncontradicted evidence is that the various machines mentioned were located in the room and used in connection with the repair work.

Defendant introduced in evidence part of the proceedings before the commission consisting of a copy of notice to it from the State Industrial Commission of the filing of claim for compensation by Dewey Kemp, and a request that defendant "furnish Form 6," file an answer or state reasons for not doing so; a copy of motion for claimant to set the case for hearing; and a copy of the findings and order of the commission reading in part as follows:

"That the evidence produced on the trial of the cause was insufficient to show that the claimant received an accidental personal injury arising out of and in the course of a hazardous employment with the respondent within the meaning of the Workmen's Compensation Law.

"The commission is of opinion, upon consideration of the foregoing facts, that compensation in this case should be denied for the failure to show an accidental injury arising out of and in the course of a hazardous employment with the respondent.

"It is therefore ordered that compensation be denied in this cause."

Defendant first contends that the trial court erred in overruling its demurrer to plaintiff's petition. The claim is in substance that the petition shows upon

its face that plaintiff, if he had an injury, was within the exclusive jurisdiction of the State Industrial Commission.

The contention cannot be sustained. The petition makes no mention whatever of the existence or use of power-driven machinery in the shop or building in which plaintiff was employed. Unless there was such machinery so as to constitute a workshop where machinery was used, within the meaning of section 13349, Okla. Stat. 1931, 85 Okla. Stat. Ann. § 2, the State Industrial Commission could have no jurisdiction, since the general business conducted by defendant is not within the employments classified therein as hazardous.

There was no error in overruling the demurrer to the petition.

The next and only other contention is that the court erred in overruling defendant's demurrer to plaintiff's evidence, and in overruling its motion for a directed verdict in its favor at the close of all the evidence.

On the question of the nature and extent of plaintiff's injuries and circumstances under which the alleged injuries were received, the evidence is in conflict, and the verdict of the jury is conclusive.

On the one question of the existence of the machinery mentioned in the room or building where plaintiff was employed, there is no conflict in the evidence. The uncontradicted evidence is that such machinery was located and used therein. It is likewise uncontradicted that defendant employed more than two persons in the work there carried on.

Defendant's principal contention is that where the facts show that the State Industrial Commission had jurisdiction of plaintiff's case for compensation, and that it had entered final order finding that plaintiff had not sustained a compensable injury, such order is res adjudicata to plaintiff's subsequent action for the same alleged injury.

To show that the State Industrial Commission had jurisdiction defendant cites and quotes much of the evidence adduced at the trial in the district court. But there is no showing that such evidence was adduced before the commission.

We cannot consider evidence adduced at the trial of this case, in determining whether the State Industrial Commission had jurisdiction, where the jurisdictional question is one of fact, and has been once finally determined by the commission. Where the question is whether the employment of the claimant is hazardous within the meaning of the Workmen's Compensation Act, the State Industrial Commission must determine its own jurisdiction from the evidence before it on that question, and this court can review its ruling only in a proceeding brought for that purpose.

So we cannot say, as a matter of law, that the evidence before the commission showed that the State Industrial Commission had jurisdiction to enter an award.

We doubt whether we could so hold if the evidence before the commission was shown in this case.

Under the rule announced in Howard v. Duncan, 163 Okla. 142, 21 P. 2d 489, the finding and order of the State Industrial Commission would be conclusive.

The trial court apparently took the view that the question of hazardous employment had been passed upon by the State Industrial Commission and that the commission had held that the employment was not hazardous, and therefore the claim did not come within the provisions of the Workmen's Compensation Law.

Plaintiff contends that the finding and order of the State Industrial Commission is conclusive and shows upon its face that the commission found and held that claimant's employment was not hazardous, and denied compensation on that ground alone.

The trial court apparently so construed the finding and order of the commission. Defendant contends that the

trial court placed the wrong construction upon the effect of the order of the commission, and that the finding and order of the commission was that claimant had failed to prove he had received an accidental injury which entitled him to compensation, and that the commission did not deny the claim on jurisdictional grounds.

From a careful consideration of the finding and order of the State Industrial Commission, we conclude that the construction placed thereon by the trial court was correct, and that said finding and order, taken as a whole, is susceptible of no other construction.

The finding is that the evidence produced at the trial of the cause before the commission was insufficient to show that the claimant received an accidental injury arising out of and in the course of a hazardous employment with the respondent within the meaning of the Workmen's Compensation Law.

The order was that compensation be denied for failure to show an accidental injury arising out of and in the course of a hazardous employment with respondent. It may be observed that the finding is not that claimant did not receive an accidental injury. It was not that he did not receive an accidental injury arising out of and in course of his employment with respondent. It went further and found that claimant did not receive an accidental injury arising out of a hazardous employment.

If the commission meant to base its ruling on a finding that claimant had not received an accidental injury alone, it would not have been necessary to go further and mention, "arising out of and in the course of" his employment. Again, if the commission meant to find and hold that although claimant may have received an accidental injury, such injury did not arise out of and in course of his employment with respondent and base their order on that fact alone, it would have been unnecessary to go further and include the statement of "a hazardous" employment.

The finding and order must be construed together and as a whole. Considering the same in this way, it is quite clear that the commission meant to and did find and hold that the evidence failed to show that claimant's employment was hazardous within the meaning of the Workmen's Compensation Law, and therefore the commission was without jurisdiction to make an award. It is only against employers where the employment is hazardous as defined by the act, that the commission has jurisdiction.

A finding and order denying compensation upon the ground of failure to show the employment hazardous, where it becomes final, is binding upon the parties and the courts alike under the rule stated in Howard v. Duncan, supra, and the same question cannot be again adjudicated in any further proceeding before the commission or in any subsequent proceeding in any court.

These being the only questions presented in the briefs, the judgment should be and is affirmed.

CORN, V. C. J., and BAYLESS, GIBSON, and HURST, JJ., concur. WELCH, C. J., concurs in conclusion. OSBORN, DAVISON, and ARNOLD, JJ., absent.

———

WELCH, C. J. (concurring specially). The trial court decided the question of jurisdiction in the affirmative. The record supports that conclusion upon the facts shown in the trial court and the applicable legal rules. Thus affirmance is justified and indicated.

In my judgment we need not go to the full length of the majority opinion in here discussing the Workmen's Compensation Law.

I do not agree that the order of the Industrial Commission denying compensation under the Workmen's Compensation Law had any binding or controlling force on the court in deciding any proper issue of law or fact which arose in the trial court. There is nothing to indicate that the trial court gave any such consideration to the denial order of the

Industrial Commission. In the trial court the judgment, as to jurisdiction and as to the merits of the action, was based upon the facts there shown, which I think was proper, and I agree with the majority that the conclusion reached was correct.

I, therefore, concur in the conclusion of the majority opinion affirming the judgment.