CONSOLIDATED MOTOR FREIGHT TERMINAL et al. v. VINEYARD et al.

No. 29352. Nov. 2, 1943.

Rehearing Denied Dec. 14, 1943.

*143 P. 2d 610.*

Butler & Rinehart, of Oklahoma City, for petitioners.

Fred M. Hammer and Major J. Parmenter, both of Oklahoma City, for respondents.

OSBORN, J. This is an original action to review an award of the State Industrial Commission entered in favor of Ernest Clayton Vineyard and against Consolidated Motor Freight Terminal and Casualty Reciprocal Exchange, its insurance carrier, on June 27, 1939, for permanent partial disability under "other cases" paragraph, 85 O. S. 1941, § 22.

It appears that respondent Vineyard was injured in the course of his employment on September 22, 1938, and thereafter, on September 28, 1938, his employer, Consolidated Motor Freight Terminal, filed with the State Industrial Commission employer's first notice of injury showing the furnishing by said employer of medical attendance and that the employee still had not returned to work. Thereafter, on November 1, 1938, employee filed his first notice of injury and claim for compensation and showing that he had been discharged by the physician furnished by the employer as able to return to work on October 22, 1938, but therein he claimed permanent partial disability. On November 5, 1938, petitioners filed a motion to discontinue temporary total compensation, theretofore voluntarily paid to claimant, wherein petitioners specifically challenged the jurisdiction of the commission to enter an award in favor of claimant, as follows:

"Respondent and insurance carrier would further show to the Industrial Commission that the business and enterprise being carried forward is that

incidental and necessary to classified carriers for hire in the State of Oklahoma, as approved by the Corporation Commission of the State of Oklahoma, and for this reason the Industrial Commission has no jurisdiction to award claimant further compensation herein, either for temporary total or permanent partial disability."

Thereafter, numerous hearings were had by the commission relating to the character of the employment of claimant, the nature of the business of petitioner Consolidated Motor Freight Terminal, and the nature and extent of the injury of claimant, and after three or four intermediate orders, which were vacated upon motion, the commission, on June 3, 1939, entered an award for compensation for temporary total disability, wherein it made the specific finding "that on September 22, 1938, the claimant was in the employ of the respondent herein engaged in a hazardous occupation subject to and covered by the provisions of the Workmen's Compensation Law. . . ." From this order no appeal was perfected, and the same became final. Thereafter, on June 7, 1939, respondent filed an application to determine the extent of permanent partial disability, and pursuant thereto a hearing was held and testimony introduced, and on June 27, 1939, an award was entered for permanent partial disability and the rate of compensation was fixed at $8 per week. The present proceeding is to review the latter award.

In the latter hearing the petitioners again challenged the jurisdiction of the commission to make and enter an award of compensation, predicating said challenge upon the same ground as was the challenge to the jurisdiction upon the hearing for temporary total disability. Specifically, they contend that the Industrial Commission was without jurisdiction to enter an award for the reason that the respondent was not engaged in a hazardous occupation as defined by the Workmen's Compensation Law, in that petitioner was not engaged in the "transfer and storage" business, citing Adams Union Truck Terminal v. Keeshen, 165 Okla. 151, 25 P. 2d 624; Tulsa Terminal & Storage Co. v. Thomas, 162 Okla. 5, 18 P. 2d 891; Gypsy Oil Co. v. Keys et al., 147 Okla. 148, 295 P. 612; Holland v. Byers Drilling Co., 167 Okla. 1, 27 P. 2d 591; Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294. It is insisted herein that we should review the evidence introduced on the application to determine temporary total disability and declare, as a matter of law, that the petitioner was not engaged in a hazardous occupation.

On the other hand, it is contended by respondent (claimant) that since no appeal was perfected from the order determining the jurisdiction of the commission on the application for temporary total disability, said order became final, and the question of jurisdiction of the commission became res judicata, and that in this proceeding the jurisdiction of the commission is not open to further attack.

Petitioners rely upon certain authorities which, they contend, outline the sole conditions under which a contention with reference to a jurisdictional issue may be foreclosed in a former proceeding. These authorities adhere to the rule that when the jurisdiction of the commission depends upon a question of fact, and the commission in making a previous award had before it competent information to establish the jurisdictional fact, either in the form of an admission of fact, stipulation of fact, or testimony of witnesses, it is deemed to have inquired into its jurisdiction and determined the question of fact upon which the same depends, and thereafter in a proceeding to award further compensation, the jurisdictional fact is not open to inquiry. Rorabaugh-Brown Dry Goods Co. v. Matthews, 162 Okla. 283, 20 P. 2d 141; Hardy Sanitarium v. De Hart, 164 Okla. 29, 22 P. 2d 379; City of Duncan v. Ray, 164 Okla. 205, 23 P. 2d 694; Spivey & McGill v. Nixon, 163 Okla. 278, 21 P. 2d 1049; Tulsa Terminal Storage & Transfer Co. v. Thomas, 162 Okla. 5, 18 P. 2d 891; J. B. Herd. Hdw. Co. v. Kirby, 160 Okla.

2, 15 P. 2d 823; Pinkston Hdw. Co. v. Hart, 172 Okla. 566, 46 P. 2d 501; Sterling Milk Products Co. v. Underwood, 167 Okla. 361, 29 P. 2d 937; Hannah v. Highway Commission, 172 Okla. 221, 45 P. 2d 53. It is argued that since there was no admission of fact, stipulation of fact, or testimony of witnesses before the Industrial Commission sufficient to sustain the finding of the commission that the business of petitioner was within the coverage of the Compensation Law, the finding was not determinative or conclusive and that the question of jurisdiction might be raised at any subsequent stage of the proceedings.

The rule announced in the above-cited cases is applicable only where there is no positive finding as to the essential jurisdictional facts. Neither the rule nor the converse thereof is applicable where all of the facts with reference to the nature of the employment were before the commission and a positive finding was made with reference to such facts. In the case of Union Indemnity Co. v. Saling, 166 Okla. 133, 26 P. 2d 217, it was said:

"The issue of jurisdiction could be raised before the commission at any time unless such issue had been previously adjudicated. Thus, we are of the opinion that the commission may, by virtue of its continuing jurisdiction, at any time entertain a proceeding attacking its jurisdiction. If the jurisdictional question was subject to be and was adjudicated formerly, then the commission, upon determining those issues, must dismiss the proceeding; if it was not formerly adjudicated, the commission must pass upon it."

In the case of Skelly Oil Co. v. Goodwin, 168 Okla. 141, 32 P. 2d 67, it was said:

"Section 13363, O. S. 1931 (85 O. S. 1941 § 29), provides that the award or decision of the commission shall be final and conclusive upon all questions within its jurisdiction between the parties unless within 30 days an action is commenced in the Supreme Court to review such award or decision. It has been repeatedly held that, considering the above section together with sections 13362 and 13391, O. S. 1931 (85 O. S. 1941 §§ 28 and 84), the commission has a continuing power and jurisdiction to review its award on the ground of a change of condition only, *and the award is final and conclusive on all questions within its jurisdiction unless proceedings are commenced in this court within 30 days to review the award or decision.* American Oil & Ref. Co. v. Kincannon, 154 Okla. 129, 3 P. 2d 877; Marland Prod. Co. v. Hogan, 146 Okla. 220, 294 P. 115; Roxana Pet. Corp. v. Hornberger, 150 Okla. 257, 1 P. 2d 393; Bedford-Carthage Stone Co. v. Industrial Commission, 119 Okla. 231, 249 P. 706."

To the same effect, see Brown Bros. v. Parks, 176 Okla. 615, 56 P. 2d 883, and authorities therein cited.

The case of Howard v. Duncan, 163 Okla. 142, 21 P. 2d 489, presented an appeal from a judgment of the district court of Lincoln county in favor of Lena Duncan, plaintiff, against Dewey Howard, defendant, for damages for personal injuries. It appears that the plaintiff was employed by defendant in a steam laundry and sustained an accidental injury. The Industrial Commission entered an award in her favor and subsequently granted her application for a lump sum settlement. Thereafter a receipt was filed showing that she was paid the sum of $1,440. Several months thereafter she instituted an action in the district court in which her right to recover was predicated upon the fact that at the time of her employment she had not reached the age of 16 years, therefore her employment was specifically prohibited by section 10834, O. S. 1931, and the Industrial Commission never acquired jurisdiction to enter an award and that the proceeding before it was a nullity. It was conceded that if the Industrial Commission had jurisdiction of the cause, plaintiff's action in the district court was barred. In the opinion of this court it was pointed out that jurisdiction exists when the courts have power to proceed in a case of the character presented, or power to grant the relief sought in a proper cause; that the power to proceed is acquired by an

application of a party showing the general nature of the case and requesting relief of the kind the court has power to grant; that ordinarily jurisdiction is invoked by pleadings filed by the parties. It was further pointed out that jurisdiction always depends upon the allegations and never upon the facts; that jurisdiction does not depend upon the truth or falsity of the allegations but upon the nature of the charge; that the question of jurisdiction is determinable on the commencement and not at the conclusion of the inquiry. It was concluded that when plaintiff appeared before the Industrial Commission and filed her claim for compensation in which she stated that she was 18 years of age and that she had suffered an accidental personal injury arising out of and in the course of her employment in a business enterprise coming under the Workmen's Compensation Law, such a statement constituted a part of the pleadings and was an assertion of a jurisdictional fact; that since evidence was offered and a finding was made by the commission sustaining the plaintiff, and since no proceedings were commenced in this court to review the award entered by the commission, it had jurisdiction of the cause and its award was a valid adjudication of the claim and effectually barred an action in the district court.

In the case of Southern Kansas Stage Lines Co. v. Kemp, 188 Okla. 397, 109 P. 2d 830, it was shown that plaintiff Kemp had recovered judgment in the district court of Tulsa county against the defendant Stage Lines Company for personal injuries sustained while plaintiff was employed by defendant. A claim for compensation had been filed with the State Industrial Commission, and after a hearing thereon the commission found that plaintiff did not receive an accidental injury arising out of a hazardous employment and denied the claim for compensation. Thereafter, the action was instituted in the district court. Considerable evidence was introduced in the district court to establish the fact that the claim was one within the jurisdiction of the Industrial Commission. Upon appeal it was urged that the evidence disclosed that the plaintiff's claim was within the exclusive jurisdiction of the State Industrial Commission. It was held that under the rule announced in Howard v. Duncan, supra, the finding and order of the State Industrial Commission was conclusive, and that said order could be reviewed by this court only in a proceeding brought for that purpose, and that we could not consider the evidence before the district court for the purpose of determining whether or not the employment of claimant was hazardous within the meaning of the Workmen's Compensation Law.

In the case of Tidal Refining Co. v. Tivis, 91 Okla. 189, 217 P. 163, it was shown that an award was made to Tivis and against the refining company for compensation for certain accidental injuries sustained by the claimant on January 8, 1920, and no action was filed in this court to review the award so made. Approximately 18 months thereafter, the refining company filed a proceeding to modify the award on the ground that at the time of the injury the claimant was not an employee of the refining company but was an employee of one Elgin, an independent contractor. The court held that since the company had failed to prosecute an appeal within 30 days as required by the statutes above referred to, the proceeding to modify the award was a collateral proceeding; that the award, in the absence of such appeal, was conclusive between the parties upon the issues involved, or those that might have been involved, and that said issues could not thereafter be contested between the parties in a different action or in a collateral proceeding.

In the case of Prince v. Saginaw Logging Co., 197 Wash. 4, 84 P. 2d 397, there was presented an appeal from a superior court in a common-law action for damages for personal injuries. It appears that plaintiff, while employed by defendant, had sustained certain accidental injuries and had filed a claim for compensation with the Department

of Labor and Industries, which claim was rejected for the reason that "at the time of the injuries claimant was not in the course of employment." Thereafter plaintiff instituted the common-law action for damages alleging negligence on the part of the defendant. The trial court held that the plaintiff could not recover for the reason that his alleged injury occurred in the course of his employment and that the decision of the board was not res judicata. The cause was dismissed and plaintiff prosecuted the appeal to the Supreme Court of Washington, where the decision of the trial court was reversed. It was held that the finding of the Department of Labor and Industries, in the absence of an appeal, was conclusive to the point that claimant was not injured in the course of his employment, and, being res judicata of that issue, defendant could not question the correctness of such finding in another tribunal. It appears that the majority of the court applied the rule of res judicata notwithstanding the fact that it was pointed out that, as a result of the holding, the employer, in order to protect itself against the institution of an action at common law for damages, would be required to prosecute an appeal from an order favorable to itself and adverse to the plaintiff.

In the case of Taylor v. Robt. Ramsey Co., 139 Md. 113, 114 A. 830, it was said:

*"But is the jurisdiction of the commission, under the circumstances of this case, open to collateral attack? Its jurisdiction depended upon the facts of the case, and the commission was authorized and had to pass upon and determine what the facts were, and no appeal was taken from its finding and decision. It is said in 23 Cyc. 1088:*

" 'Where the court judicially considers and adjudicates the question of its jurisdiction, and decides that the facts exist which are necessary to give it jurisdiction of the case, the finding is conclusive and cannot be controverted in a collateral proceeding. . . . These rules apply where a statute confers general jurisdiction over a particular class of cases upon a certain tribunal, as in the case of courts of the United States and probate courts, and generally, if the jurisdiction of an inferior court depends upon the existence of a certain fact or state of facts, and it is shown by the record that there was evidence tending to prove such facts, and such evidence was adjudicated sufficient, and the court judicially determined that such facts existed, then the judgment cannot be collaterally impeached or contradicted."

In the case of Ashland Iron & Mining Co. v. McDaniel's Dependents, 202 Ky. 19, 258 S. W. 943, it was held:

"In an action by dependents to enforce an award of compensation for death of an employee, the employer cannot set up the defense that the award was void for want of jurisdiction in the board to allow compensation, because the accident which caused death did not arise out of the employment; the claim being that the board made an honest mistake of law (that is, of undisputed facts), the employer's remedy being by appeal."

In the case of Summers v. Industrial Accident Commission (Cal. App.) 24 P. 2d 366 (affirmed by Supreme Court of California, 41 P. 2d 553), it was said:

"Where the jurisdiction of a board depends upon the existence of certain facts, it has authority to determine whether or not those facts exist, and its determination of such question is conclusive on collateral attack. In re Grove Street, 61 Cal. 438; People v. Los Angeles, 133 Cal. 338, 65 P. 749. . . ."

In the case of Stoll v. Gottlieb, 305 U. S. 165, 83 L. Ed. 104, 110, it was pointed out that even if a court erred in entertaining jurisdiction, its determination of the matter was conclusive upon the parties before it and could not be questioned by them or either of them collaterally or otherwise than on writ of error or appeal.

In the case of Burgess v. Nail (C.C.A. 10th) 103 F. 2d 37, it was held:

"Error in determination of questions of law or fact on which the court's jurisdiction in particular case depends, the court having general jurisdiction of the cause and of the person, is 'error in ex-

ercise of jurisdiction' and affords no grounds for collateral attack."

The principles of res judicata apply to questions of jurisdiction as well as to other issues. Baldwin v. Iowa State Travelling Men's Ass'n, 283 U. S. 522, 75 L. Ed. 1244, 51 S. Ct. 517; American Surety Co. v. Baldwin, 287 U. S. 156, 77 L. Ed. 231.

The authorities generally recognize the applicability of the rule of res judicata to decisions or awards under Workmen's Compensation Acts. Annotation 122 A. L. R. 550.

In this jurisdiction the Industrial Commission is treated as an administrative body exercising quasi-judicial powers with its jurisdiction limited to those matters which are expressly or by necessary implication delegated to it by proper legislative enactment. Union Indemnity Co. v. Saling, supra. Accordingly, the Industrial Commission was required to determine whether or not the facts existed which were necessary to bring the case within the field of its jurisdiction, and it was necessary that such determination be made at the outset of the proceeding.

All of the facts with reference to the nature of the business operated by the employer were before the commission, and after due consideration of those facts, the commission determined that such business was an enterprise within the coverage of the Workmen's Compensation Law and that it had jurisdiction. No action to review the finding has ever been prosecuted. Thus it appears that the question of jurisdiction is not properly before us.

Other contentions of petitioners have been examined and are without substantial merit.

Award sustained.

CORN, C. J., and RILEY, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. GIBSON, V.C.J., and WELCH, J., dissent.