**H. L. HUTTON & CO., a corporation, H. L. Hutton, Dorothy L. Hutton and Deloris Ann Hutton, Petitioners,**

v.

**The DISTRICT COURT OF KAY COUNTY, State of Oklahoma, and Honorable Paul W. Cress, Judge of the said Court, Respondents.**

No. 41192.

Supreme Court of Oklahoma.

Jan. 19, 1965.

Paul Arnold, Braman, George E. Fisher, Oklahoma City, for petitioners.

Armstrong, Burns & Baumert, Ponca City, for respondents.

DAVISON, Justice.

This is an original proceeding brought by the petitioners, H. L. Hutton & Co., a corporation, H. L. Hutton, Dorothy L. Hutton and Deloris Ann Hutton, for a writ prohibiting the respondents from further proceeding or to exercise further jurisdiction over the petitioners in cause numbered 26067 in the District Court of Kay County, Oklahoma, in which one Charlie Jones sued the petitioners herein for damages for personal injuries.

The alleged basis for the writ is that Charlie Jones, pursuant to the Workmen's Compensation Law, 85 O.S.1961, § 1 et seq., filed his claim against the petitioners for such injuries in the State Industrial Court of Oklahoma and that an order was made therein determining the liability of petitioners to Jones. Petitioners contend that Jones' election to enforce his remedy in the State Industrial Court, and the order made by that court, had the legal effect of barring Jones from later filing and prosecuting the above District Court action to recover damages from the petitioners for the same injuries. Petitioners assert that their plea of lack of jurisdiction was arbitrarily denied and that respondents are exercising excessive and unauthorized judicial power in assuming to hear and determine the District Court action.

There is no controversy as to the facts of the situation. On November 15, 1961, Jones filed his claim in the State Industrial Court against H. L. Hutton & Co. (corporate petitioner herein) for compensation for injuries suffered by him on October 29, 1961, while employed by said corporation as a roughneck in the drilling of an oil well. The claim reflects the notation "No Ins. Listed." It does not appear Jones had an attorney on the above date. On February 16, 1962, after employing an attorney, Jones filed an amended claim in the State Industrial Court making the individuals, H. L. Hutton, Dorothy L. Hutton and Deloris Ann Hutton, additional respondents in the compensation proceeding. The answer of the individuals and the notice of hearing sent to all parties and to the attorney for Jones contained the notation "No Insurance." At the hearing on the claim on December 10, 1962, H. L. Hutton, the president of H. L. Hutton & Co., testified the corporation had no workmen's compensation insurance.

Thereafter, on January 22, 1963, the Judge of the State Industrial Court entered an order finding Jones was an employee of H. L. Hutton & Co., and received an accidental injury, arising out of and in the course of his hazardous employment; that the corporate employer had no workmen's compensation insurance; awarding compensation for temporary total disability; and holding in abeyance Jones' permanent partial disability. The order further found that Jones was at no time an employee of the individuals and that they had no liability to Jones, "except that may exist as officers and stockholders of respondent Corp." There was no appeal to the court en banc or to this court from the order and it is now final, and there have been no further hearings in the matter. The award for temporary total disability has not been paid.

Thereafter, on October 28, 1963, Jones filed the above described action in Kay County alleging the individual defendants were all the stockholders and directors of the corporation and that while employed by all of the defendants he was injured on October 29, 1961, because of the negligence of defendants' employees and because of an unsafe place to work; that the defendant, H. L. Hutton & Co., did not carry workmen's compensation insurance and the corporation was a sham and a shield by which the individual defendants sought to avoid personal liability; and prayed judgment against all the defendants.

■ Title 85 O.S.1961, § 12, of the Workmen's Compensation Law, is as follows:

"The liability prescribed in the last preceding section shall be exclusive and in place of all other liability of the employer and any of his employees, at common law or otherwise, for such in-

jury, loss of services or death, to the employee, spouse, personal representative, parents, dependents, or any other person, except that if an employer has failed to secure the payment of compensation for his injured employee, as provided in this Act, then an injured employee, or his legal representatives if death results from the injury, may maintain an action in the courts for damages on account of such injury, and in such an action the defendant may not plead or prove as a defense that the injury was caused by the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee; provided, that this Section shall not be construed to relieve the employer from any other penalty provided for in this Act for failure to secure the payment of compensation provided for in this Act."

It is our interpretation of Section 12 that since Jones' actual and claimed employers had failed to secure the payment of compensation by any of the ways provided by 85 O.S.1961, § 61, then Jones had a choice of remedies. Upon learning of such fact he could have elected to file a common law action for damages against all parties he believed liable for his injuries, or he could have filed his claim for compensation under the Workmen's Compensation law, supra, against those he believed had employed him. Jones elected to pursue the latter remedy and this resulted in the order awarding him temporary total compensation against his employer, H. L. Hutton & Co. This order is final. It is clear that Jones, a mature man of 38 years, and his attorney were put on notice and knew prior to the making of the order that the corporation had no compensation insurance.

In McAlester Corp. v. Wheeler, 205 Okl. 446, 239 P.2d 409, it is stated:

"In order that a person who is put to his election be concluded by it, two things are necessary: First, a full knowledge of the nature of the inconsistent rights, and of the necessity of electing between them. Second, an intention to elect manifested, either expressly or by acts which imply choice and acquiescence."

In regard specifically to H. L. Hutton & Co., the present situation completely satisfies the requirements of this rule of law. It is not the same as in McAlester Corp. v. Wheeler, supra, where the evidence was wholly insufficient to show an election to take compensation; or in Dixie Cab Company v. Sanders, Okl., 284 P.2d 421, where the claim for compensation was dismissed when it was discovered the employer had no insurance. It is our opinion that Jones is limited to his selected remedy.

In Howard v. Duncan, 163 Okl. 142, 21 P.2d 489, we held that after the State Industrial Commission (now Court), having jurisdiction of the subject matter, made findings and awarded compensation to the injured employee, the district court was without jurisdiction of an action by the employee to recover damages from the employer for the same injuries.

In Geller v. Epstein, 66 Ohio App. 354, 34 N.E.2d 66, where the statutes permit a similar choice of remedies to the employee in the event the employer fails to comply with the compensation law, the court held:

"One injured in the course of his employment, who has made application for compensation under the Workmen's Compensation Law of Ohio and has received an award for his injury, has made his election of remedies and is precluded thereby. He cannot thereafter maintain an action for damages against his employer, even though the latter has failed to comply with the provisions of that act."

See also 101 C.J.S. Workmen's Compensation § 936, p. 396, under "Failure to comply with act."

The fact that in the cases of Howard v. Duncan and Geller v. Epstein, supra, the

awards of compensation were paid, does not render the holdings therein inapplicable to the instant case. It was the selection of the remedy afforded in the State Industrial Court and the prosecution thereof to an award that rendered it conclusive and barred Jones' action for damages against H. L. Hutton & Co.

■ We now turn to disposition of this matter with regard to the individuals H. L. Hutton, Dorothy L. Hutton and Deloris Ann Hutton. All of the allegations of Jones' petition in the District Court, as to their liability for his injuries, are based on his claim that he was their employee, such as: a positive allegation that they employed him to work on their rotary drill rig; that he was injured by the negligence of a fellow servant, who was also their employee; that they failed to provide a safe place to work and safe and proper tools; and that they failed to provide compensation insurance for their employees, including him.

In the State Industrial Court proceeding the order entered therein, being unappealed and final, found that Jones was not an employee of these individuals. Jones' pending damage suit is a collateral action and is an attempt by him to relitigate this issue therein to a result in his favor. An employer-employee relationship between them was necessary to the jurisdiction of the State Industrial Court and the absence thereof deprived it of jurisdiction to make an award of compensation in favor of Jones.

This court has consistently held that a finding of fact by the State Industrial Court determining its jurisdiction, unappealed and final, is res judicata as to such fact, and the same question cannot be again adjudicated between the parties in any further proceeding before the State Industrial Court or in any subsequent action or proceeding in any other court.

In Consolidated Motor Freight Terminal v. Vineyard, 193 Okl. 388, 143 P.2d 610, this court held that a finding made when awarding compensation for temporary total disability, that employee was engaged in a hazardous occupation, was res judicata as to such fact, when it was urged that at the later hearing on permanent partial disability that the State Industrial Commission (now Court) was without jurisdiction because the employee was not engaged in a hazardous occupation.

In Tidal Refining Co. v. Tivis, 91 Okl. 189, 217 P. 163, the State Industrial Commission made an award of compensation to Tivis. The award became final. Tidal later made application to modify the award, claiming Tivis was not its employee, but was an employee of an independent contractor. The application to modify was denied. On appeal it was held that the Commission determined that Tivis was an employee at the time of making the award, and that such finding could not thereafter be questioned in a collateral proceeding. The decision stated:

"In the trial of a cause by a court of competent jurisdiction, its decree upon the merits is conclusive between the parties upon all the facts adjudicated, together with all the material facts which might have been presented as constituting the claim or defense. Such issues of fact so adjudicated or which might have been presented for consideration, cannot thereafter become the subject-matter for litigation between the parties, or those in privity, in a collateral proceeding."

In Southern Kansas Stage Lines Co. v. Kemp, 188 Okl. 397, 109 P.2d 830, the State Industrial Commission denied compensation because the employee's occupation was not hazardous. In a later action by employee to recover damages based on negligence of the employer, the employer contended on appeal from a judgment therein that the evidence showed the employment to be hazardous and therefore the State Industrial Commission had exclusive jurisdiction. We denied this contention, stating in the second syllabus:

"Where an infant workman filed a claim for compensation before the

State Industrial Commission and after notice and hearing the Commission denied compensation upon the ground that claimant's employment was not hazardous as defined by the Workmen's Compensation act, and such finding and order has become final, it is binding upon the Commission in any subsequent proceeding for the same injury and it likewise is binding upon the court in a subsequent action by the employee for damages for the same injuries. Howard v. Duncan, 163 Okl. 142, 21 P.2d 489."

Jones cannot relitigate in his District Court action the prior finding of the State Industrial Court that he was not an employee of the individual defendants (petitioners herein).

It is our conclusion that the respondents are exercising excessive and unauthorized judicial power in assuming to hear and determine the action.

Writ granted.

HALLEY, C. J., JACKSON, V. C. J., and JOHNSON, WILLIAMS, IRWIN and BERRY, JJ., concur.

BLACKBIRD, J., concurs in result.