STATE BOARD OF EDUCATION — PROFESSIONAL PRACTICES COMMISSION Under the provisions of 70 O.S. 6-122 [70-6-122] (1971), as amended, the jurisdiction of the State Board of Education and the Professional Practices Commission is limited to determining the questions of whether sufficient cause existed for the nonrenewal of a tenured teacher's contract. Procedural due process questions are not properly before the State Board of Education or the Professional Practices Commission acting pursuant to said Section 6-122, such questions being left to the courts. However, local boards of education are properly concerned with such procedural due process requirements since the local boards are the entities subject to the procedural due process requirements. The Attorney General is in receipt of your letter wherein you request an opinion on the following questions relating to 70 O.S. 6-122 [70-6-122] (1971), as amended: "1. Is the State Board of Education on appeal concerned with the question of compliance with procedural due process as hereinbefore cited? "2. If the State Board finds that procedural due process in accordance with said statutory mandate is absent or improper, must the board make such finding? "3. Does a finding by the State Board of the lack of procedural due process require the reinstatement of the teacher on appeal? "4. Do questions (1), (2) and (3) likewise apply to the local school board? "5. Do questions (1) and (2) apply to the Professional Practices Commission? "6. If the Professional Practices Commission finds a lack of procedural due process, does such finding require a recommendation of reinstatement?" As to your first question, it should first be stated that the first paragraph of Section 6-122 makes ineffective the action by a local board of education in failing to renew the contract of a teacher who has completed three years of service unless the procedural due process requirements of notice and hearing are complied with in the manner specified. The State Board of Education is given the express duty of reviewing such nonrenewal under paragraphs 3 and 4 of Section 6-122. The role of the State Board of Education is revealed by the following language: "After review of the matter the State Board of Education shall issue its decision either confirming the action of the local board of education or issuing the finding that dismissal of said teacher was without sufficient cause and that said teacher was without fault in the premises, which decision shall be final." A consideration of the two alternatives available to the State Board of Education indicates that the issue and the only issue before the State Board of Education is whether or not sufficient cause existed for the nonrenewal. This conclusion is substantiated by the subsequent language of the statute which authorizes reinstatement after review by the State Board of Education where there is "a finding that a teacher was dismissed without sufficient cause". Therefore, it is apparent that the role of the State Board of Education under Section 70 O.S. 6-122 [70-6-122] is limited to reviewing the action of the local board of education as to the question of sufficient legal cause. The Supreme Court of Oklahoma has recognized that an administrative body exercising quasi judicial powers is limited in its jurisdiction to those matters which are expressly or by necessary implication delegated to it by proper legislative enactment. See Consolidated Motor Freight Terminal, et al. v. Vineyard, et al., 143 P.2d 610. This conclusion, that the State Board of Education is limited in such proceedings to the question of sufficient legal cause and is not authorized to rule on procedural due process questions, should not be construed as denying the right of the State Board of Education to rule on its own jurisdiction or other issues necessary to determine the ultimate issue of sufficient legal cause. Further, it should be stated that the courts have jurisdiction to grant relief to a teacher not afforded procedural due process as required by law. The answer to your first question is determinative of your second question. Since procedural due process questions are not proper issues before the State Board of Education, the Board is not required to make findings thereon. Likewise, your third question relating to a finding by the State Board of Education of the lack of procedural due process is determined by the answer to the first question since such a finding is not proper. As to your fourth question, the above conclusions relating to the limited authority of the State Board of Education have no effect on the duty of local school boards to comply with the requirements of procedural due process set out in Section 6-122 since the statute expressly requires such procedures to be followed by local boards of education. Your fifth and sixth questions relate to the scope of review by the Professional Practices Commission. Since the role of the Professional Practices Commission, under Section 6-122, is that of making recommendations to the State Board of Education, it follows that such recommendations and findings in support thereof should be limited to those issues properly before the State Board of Education. That is, since procedural due process questions are not properly before the State Board of Education, the findings and recommendations of the Professional Practices Commission do not properly include procedural due process issues. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under the provisions of 70 O.S. 1971 70 [70-70] O.S. 6-122, as amended, the jurisdiction of the State Board of Education and the Professional Practices Commission is limited to determining the question of whether sufficient cause existed for the nonrenewal of a tenured teacher's contract. Procedural due process questions are not properly before the State Board of Education or the Professional Practices Commission acting pursuant to said Section 6-122, such questions being left to the courts. However, local boards of education are properly concerned with such procedural due process requirements since the local boards are the entities subject to the procedural due process requirements. (Joe C. Lockhart)